VILLAGE OF WILLOUGHBY HILLS, APPELLANT, *v.* BOARD OF PARK COMMRS. OF CLEVELAND METROPOLITAN PARK DISTRICT, APPELLEE.

[Cite as Village of Willoughby Hills v. Board of Park Commrs., 3 Ohio St. 2d 49.]

(No. 39120—Decided June 30, 1965.)

Mr. *Paul H. Torbet,* for appellant.
Mr. *Walter C. Kelley, Jr.,* for appellee.

VAN NOSTRAN, J.   Section 1545.01 *et seq.* of the Revised Code provide for the organization and existence of park districts, and Section 1545.11 authorizes a board of park commissioners to acquire lands "either within or without the park district for conversion into forest reserves and for the conservation of the natural resources of the state." In *McNab* v. *Board of Park Commrs. of Cleveland Metropolitan Park Dist.,* 108 Ohio St. 497, this court stated the following at page 499:

" 'The weight of the testimony as adduced by expert witnesses as to what is meant by the phrase *"conservation of natural resources"* shows that it is not limited to such subjects as land, water, forests and minerals * * * but it includes the acquiring of lands for park areas and the development thereof, the use of which will contribute and be appropriate for the health and general welfare of the community * * *.' "

In the case of *State, ex rel. Bryant,* v. *Akron Metropolitan Park Dist. for Summit County,* 120 Ohio St. 464, 471, the court said:

"There can be no question of the power of the General Assembly to establish park districts and boards of park commissioners, and to define their powers. * * * These are institutions in which all the people of the state are presumably interested and by which they are benefited. Cities have freely exercised these rights, and the state has likewise, though rather sparingly, exercised them. District parks and boards of park commissioners are institutions which differ from state institutions only in the range of the interest and benefit. By the legislation now under consideration provision has been made for park districts, whose benefits are more general than those of the cities and more local than those of the state."

And further on page 490:

" * * * upon thorough inquiry into the subject we are of the opinion that the Constitution has fully authorized the

Legislature to create districts, *as separate political subdivisions,* and to create boards to exercise the *governmental* activities of the district * * *.'' (Emphasis supplied.)

Thus, it becomes very clear that this court has found a park district to be a political subdivision of the state of Ohio which performs a function of the state that is governmental in character.

We do not find any statutory provision that authorizes a municipality to impose a collection and remittance of an excise tax upon a governmental agency. The authority of the municipality to levy an admission tax is derived from the state Constitution (Section 3, Article XVIII) but it cannot interfere with a politcal subdivision of the state. To permit this would be tantamount to permitting a municipality to levy an excise tax against the state.

This court can conclude only that the action of the municipality in imposing the duty of collecting and remitting an excise tax on the park board is an unwarranted interference with a political subdivision of the state not authorizel by statute.

For the reasons stated above, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS and O'NEILL, JJ., concur. HERBERT and SCHNEIDER, JJ., dissent.

VAN NOSTRAN, J., of the Fifth Appellate District, sitting for BROWN, J.