FRYBERGER ET AL., APPELLEES, *v.* LAKE CABLE RECREATION ASSOCIATION, INC. ET AL., APPELLANTS.

[Cite as Fryberger *v.* Lake Cable Recreation Assn., Inc. (1988), 40 Ohio St. 3d 349.]

(No. 88-96—Submitted October 26, 1988—Decided December 30, 1988.)

*Okey Law Firm, L.P.A.,* Eugene
P. Okey, *Steven P. Okey* and *Joseph W.*
*Calabretta,* for appellees.

*Brown, Bartunek & Worthing* and
*Donald E. Worthing,* for appellant
Lake Cable Recreation Assn., Inc.

*Vogelgesang, Howes, Lindamood &*
*Brunn, Philip E. Howes* and *Donald P.*
*Wiley,* for appellant Tom Borcoman.

*Victor J. Helling,* for appellants
Claire LaCoss and Patricia Mary
Englehaupt.

H. BROWN, J. A motion for summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment should not be granted unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts are viewed in the light most favorable to the opposing party. Civ. R. 56(C); *Wills* v. *Frank Hoover Supply* (1986), 26 Ohio St. 3d 186, 188, 26 OBR 160, 161, 497 N.E. 2d 1118, 1120, citing *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267.

I

The issue of whether R.C. 1533.181[1] provides immunity to the defendants is controlled by our recent decision in *Loyer* v. *Buchholz* (1988), 38 Ohio St. 3d 65, 526 N.E. 2d 300.

In *Loyer* we held that the immunity provided by R.C. 1533.181 does not extend to the owner of a residential swimming pool whose social guest is injured while swimming, where the pool was not held open for recreational use by the general public without the payment of a fee or consideration. *Id.* at syllabus. Our holding was grounded upon the legislative purpose which lies behind the recreational user statute, which is to encourage owners of premises suitable for recreational pursuits to open their lands for public use. *Id.* at 66, 526 N.E. 2d at 302. In order to obtain the immunity of R.C. 1533.181, the property upon which an injury oc-

---

[1] R.C. 1533.181 provides:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

R.C. 1533.18 provides:
"As used in sections 1533.18 and 1533.181 of the Revised Code:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

curs must be held open for public use. *Loyer, supra.* Accord *Sorrell* v. *Ohio Dept. of Natural Resources* (1988), 40 Ohio St. 3d 141, 532 N.E. 2d 722.

The property in question here was not held open to the general public for recreational use. However, Borcoman contends that *Loyer* is distinguishable in that the injured party in *Loyer* was a social guest of the landholder whereas Fryberger is a *licensee* of Borcoman. We disagree.

Assuming *arguendo* that Fryberger is a licensee,[2] the applicability of R.C. 1533.181 does not depend upon the common-law status of the injured party as trespasser, licensee, social guest, or invitee. Cf. *Sorrell, supra.* As this court has previously stated, R.C. 1533.181 abrogates the common law. *Loyer, supra,* at 68, 526 N.E. 2d at 303, fn. 3, citing *McCord* v. *Div. of Parks & Recreation* (1978), 54 Ohio St. 2d 72, 74, 8 O.O. 3d 77, 79, 375 N.E. 2d 50, 52, at fn.

In lieu of the common-law distinctions, the statute defines a "recreational user" as "a person to whom permission has been granted, without the payment of a fee or consideration to the owner * * *." Both in this case and in *Loyer,* the injured party fits within the statutory definition of "recreational user." In both cases the injured party paid no fee or consideration for the use of the premises. *Loyer* was not decided upon the ground that the injured party paid a consideration, but on the basis that the premises were not held open to public use. We resolve this case on the same principle.

The defendants are not entitled to summary judgment on the basis of the recreational user statute.

II

We next address the issue of whether the association and LaCoss-Englehaupt owe a duty to Fryberger.

Liability for negligence is predicated upon injury caused by the failure to discharge a duty owed to the injured party. *Wills, supra.* Liability for injuries arising from the defective condition of property is an incident to occupation or control of the property. *Mitchell* v. *Cleveland Elec. Illum. Co.* (1987), 30 Ohio St. 3d 92, 94, 30 OBR 295, 297, 507 N.E. 2d 352, 354, citing *Cooper* v. *Roose* (1949), 151 Ohio St. 316, 317, 39 O.O. 145, 146, 85 N.E. 2d 545, 546; *Berkowitz* v. *Winston* (1934), 128 Ohio St. 611, 1 O.O. 269, 193 N.E. 343; *Ripple* v. *Mahoning Natl. Bank* (1944), 143 Ohio St. 614, 28 O.O. 508, 56 N.E. 2d 289.

A

The association contends that it did not have the control necessary for tort liability because it did not own the dock from which Fryberger dove and it had no control over who was invited by any of the individual property owners, including Borcoman, to use the lake and the docks appurtenant to it. The association grounds its argument on this court's statement that: "The control necessary as the basis for tort liability implies the power and the right to admit people to the premises and to exclude people from it, and involves a substantial exercise of that right and power." *Wills, supra,* at 188, 26 OBR at 162, 497 N.E. 2d at 1120, citing *Cooper* v. *Roose* (1949), 151 Ohio St. 316, 39 O.O. 145, 85 N.E. 2d 545; *Brown* v. *Cleveland Baseball Co.* (1952), 158 Ohio St. 1, 47 O.O. 478, 106 N.E. 2d 632.

---

[2] An argument can be made that Fryberger was, at the time of his injury, a social guest. The common-law status of Fryberger presents an issue which, under our analysis of this case, we need not decide.

The association's reliance is misplaced for two reasons. First, it ignores the possibility that the right to admit or exclude can be shared by more than one defendant. Second, it assumes that the right to admit or exclude is the only indicium of control.

The fact that the association may not have the *exclusive* power to admit or exclude, or that it did not have the power to exclude the injured party, is not dispositive. Duty can be found where several defendants share the control over the property where the injury occurs. *Bryant* v. *Schrage* (1944), 75 Ohio App. 62, 66, 30 O.O. 358, 360, 60 N.E. 2d 801, 803; *Staples* v. *Bernabucci* (1935), 119 Conn. 443, 177 A. 380; 62 American Jurisprudence 2d (1972) 245, Premises Liability, Section 16. In *Brown, supra,* the court found that the lessor and the lessee shared the right to admit or exclude. Neither the lessee nor the lessor had exclusive control over the property. Nevertheless, we held that the lessor had a duty to the party injured on the premises. The argument which the association asks us to adopt here would lead to the conclusion that no liability could lie where control of property is held by more than one defendant. This is not the law and we decline the invitation to make it so.

Further, the right to admit or exclude is not the sole measure of control. *Jacobs* v. *Mutual Mtge. & Invest. Co.* (1966), 6 Ohio St. 2d 92, 35 O.O. 2d 123, 216 N.E. 2d 49. There are several indicia of control to be considered in the present case. The association maintains a swimming beach area on the lake.[3] It has some control over who is admitted to or excluded from the lake. The association dispatched a patrol boat to monitor boat safety on the lake. The association controlled the water level of the lake.[4] The association undertook weed control within the lake. In its answer, the association admits to having "an interest in and to the * * * lake and/or the management thereof."

Therefore, a genuine issue exists as to whether the association had sufficient control of the premises to impose a duty to Fryberger. Summary judgment for the association is not appropriate on this issue.

### B

The only document LaCoss-Englehaupt submitted in support of their motion for summary judgment was the affidavit of Clair LaCoss. The LaCoss affidavit states in pertinent part: "At no time relevant to this case did either affiant or * * * Englehaupt have any authority or power or ability to take any action set forth in Paragraph 5 of the Complaint." Paragraph 5 lists the actions for which Fryberger seeks to hold LaCoss-Englehaupt liable.

The LaCoss affidavit does not establish a basis for summary judgment. Civ. R. 56(E) provides in relevant part

---

[3] Apparently a fee was charged for the use of the beach. Therefore, as conceded by the association and LaCoss-Englehaupt, those defendants are not entitled to the protection of R.C. 1533.181.

[4] The association's contention that the water in the lake was at its highest possible level is not material to a determination of whether a duty of care is *owed* to the injured party. Here, duty turns on the question of control. Facts not relevant to the question of negligence often are pertinent to establishing the degree of a defendant's *control* over property. The significant inquiry here is whether the association had the right to control the level of water in the lake. Whether the actual level of the water bore a causal relationship to plaintiff's injury is relevant to negligence and causation, issues not raised in the association's motion for summary judgment.

that supporting affidavits "* * * shall set forth such *facts* as would be admissible in evidence * * *." (Emphasis added.) As aptly stated by the court of appeals: "The affidavit fails to state any facts to support their contentions, but merely recites legal conclusions that they owed no duty to plaintiffs and had no right to exercise control over the premises where the incident took place."

LaCoss-Englehaupt have a partial ownership of Lake Cable. A genuine issue remains as to whether they had sufficient control of the premises to impose a duty to Fryberger.

The defendants are not entitled to summary judgment. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES and DOUGLAS, JJ., concur.

MOYER, C.J., and WRIGHT, J., concur in part and dissent in part.

MOYER, C.J., concurring in part and dissenting in part. I concur with the majority that the defendants are not entitled to summary judgment on the basis of the recreational user statute. As the majority correctly states, the applicability of the immunity provision of R.C. 1533.181 does not depend upon the common-law status of the injured party (as trespasser, licensee, social guest, or invitee) but, rather, on whether the property in question was held open to the general public for recreational use.

I respectfully dissent from that portion of the opinion holding that the defendant association and LaCoss-Englehaupt may owe a duty to plaintiffs if it can be established that they had sufficient control of the premises.

"To establish actionable neg-ligence it is fundamental that the one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom." *Thrash* v. *U-Drive-It Co.* (1953), 158 Ohio St. 465, 49 O.O. 402, 110 N.E. 2d 419, paragraph one of the syllabus. As we indicated in *Mitchell* v. *Cleveland Elec. Illum. Co.* (1987), 30 Ohio St. 3d 92, 94, 30 OBR 295, 296, 507 N.E. 2d 352, 354, the first inquiry in a determination of whether a duty is owed involves the nature of the relationship between the parties.

I agree with the majority that liability in tort for injury resulting from defective premises is an incident to occupation or control. *Mitchell, supra,* at 94, 30 OBR at 297, 507 N.E. 2d at 354. Occupation and control connote the power of dominion over the property. It is the exercise of this power that creates a relationship between the parties. See *Wills* v. *Frank Hoover Supply* (1986), 26 Ohio St. 3d 186, 188, 26 OBR 160, 162, 497 N.E. 2d 1118, 1120. The nature of the relationship created defines the duty owed. 62 American Jurisprudence 2d (1972) 302, Premises Liability, Section 58. Duty does not exist in a vacuum.

There is no evidence tending to show that the defendant association or defendants LaCoss-Englehaupt bore such a relation to the plaintiffs as to impose a duty to exercise reasonable care to maintain the premises in a safe condition for the benefit of the plaintiffs. See *Bryant* v. *Schrage* (1944), 75 Ohio App. 62, 66, 30 O.O. 358, 360, 60 N.E. 2d 801, 803.

Under the majority's approach, once control is established, *ipso facto,* a duty exists to the entire world. This argument is flawed in that it presumes as a matter of course that the party in

control of the property has a relationship with the injured party. I agree with the majority that duty can be found where several defendants share control over a property. However, a relationship must be established between the injured person and the defendants before this duty can be inferred. The facts indicate that plaintiff, Fryberger, was on the premises to discuss a pending legal matter with his lawyer, defendant Borcoman. After the legal consultation ended, he was permitted by defendant Borcoman to use his property for recreational purposes. There is no indication that the other defendants had any relationship whatsoever with plaintiff or that defendant Borcoman acted on their behalf. The majority points to the facts that the defendant association maintains a swimming beach area on the lake, has some control over who is admitted to or excluded from the lake, dispatches a patrol boat to monitor boat safety on the lake, and controls the water level and weed growth in the lake, to imply that there is a genuine question as to whether the association had sufficient control of the premises to impose a duty for the benefit of the plaintiff. None of these facts tends to prove the breach of any duty owed by defendants to plaintiff arising from plaintiff's use of Borcoman's private dock for swimming purposes.

For the reasons stated, I would affirm the trial court's judgment in favor of the association and LaCoss-Englehaupt, and remand as to Borcoman for a determination as to whether any duty was owed by him to the plaintiff.

WRIGHT, J., concurs in the foregoing opinion.