The STATE of Ohio, Appellee,

v.

NUNNALLY, Appellant.

[Cite as *State v. Nunnally* (1992), 83 Ohio App.3d 741.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–019.

Decided Dec. 4, 1992.

*John Arnsby,* for appellee.

*Francis Collins,* for appellant.

MELVIN L. RESNICK, Judge.

This matter is before the court on appeal from the Maumee Municipal Court. The facts giving rise to this appeal are as follows. On June 23, 1991, Metropark Ranger C. Podzinski observed appellant, Gregory Nunnally, operating a motor vehicle at fifty-five mph in a thirty-five mph zone. Ranger Podzinski pulled appellant's vehicle over within the boundaries of the Side Cut Metropark in Maumee, Ohio. Appellant was arrested and charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3).

Appellant's breathalyzer test registered a concentration of .172 grams of alcohol per two hundred ten liters of breath.

On June 25, 1991, appellant entered a plea of not guilty to the charge. On July 30, 1991, appellant filed a motion to suppress all evidence seized after appellant's arrest, arguing that Ranger Podzinski lacked the authority to arrest appellant. Specifically, appellant argued that county metropark park rangers have no authority to arrest people for violations of the Ohio Revised Code. Appellant argued that park rangers may only arrest people for violations of the county metropark rules.

On November 14, 1991, the court denied appellant's motion. On November 22, 1991, appellant entered a no contest plea to the charge of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(3). He was sentenced to jail for one hundred thirty-seven days and fined $234. Appellant now appeals, setting forth the following assignment of error:

"The trial court erred in denying Defendant–Appellant's Motion to Dismiss and/or Suppress by finding that Park Rangers employed by the Lucas County Board of Park Commissioners of the Metropolitan Park District of the Toledo area had authority to arrest the Defendant–Appellant for the offense of operating a motor vehicle with a prohibitive concentration of alcohol in violation of 4511.-19(A)(3) of [sic] Ohio Revised Code."

In addressing appellant's sole assignment of error, the issue to resolve is whether a county park ranger has authority to arrest an individual under the Ohio Revised Code.

R.C. 1545.07 provides:

" * * * Such board may employ a secretary and such other employees as are necessary in the performance of the powers conferred in such sections. * * * "

As appellant sets forth in his assignment of error, the complainant is a park ranger employed by the Lucas County Board of Park Commissioners of the Metropolitan Park District of the Toledo area. As an employee of the board of park commissioners, a park ranger may exercise all the powers of police officers pursuant to R.C. 1545.13, which provides:

"Such employees as the board of park commissioners designates for that purpose may exercise all the powers of police officers within and adjacent to the lands under the jurisdiction and control of such board. Before exercising such powers, such employees shall comply with the certification requirement established in section 109.77 of the Revised Code, take an oath, and give a bond to the state in such sum as the board prescribes, for the proper performance of their duties in such respect."

Within the definition of "police powers" is the right to arrest. R.C. 2935.03(A), in effect at the time of appellant's arrest, read as follows:

"(A) A sheriff, deputy sheriff, marshal, deputy marshal, *police officer,* * * * [or] state university law enforcement officer appointed under section 3345.04 of the Revised Code * * * *shall arrest* and detain, until a warrant can be obtained, *a person found violating, within the limits of the political subdivision,* metropolitan housing authority housing project, college, university * * * in which the peace officer is appointed, employed, or elected, a law of this state or an ordinance of a municipal corporation." (Emphasis added.) Am.Sub.H.B. No. 669, 143 Ohio Laws, Part IV, 6252, 6170.

The Ohio Supreme Court has found park districts to be political subdivisions of the state which perform state functions that are governmental in character. *Willoughby Hills v. Bd. of Park Commrs. of Cleveland Metro. Park Dist.* (1965), 3 Ohio St.2d 49, 51, 32 O.O.2d 27, 28, 209 N.E.2d 162, 163–164.

The Ohio Attorney General has addressed the issue of a park ranger's authority. In citing a former Attorney General opinion, he stated:

" * * * Employees so designated by the Board of Park Commissioners have powers equal to other police officers within this State, *their jurisdiction and power being limited only geographically* to the land within and adjacent to the park district. Opinion No. 2998, Opinions of the Attorney General for 1931. The above section, together with the aforementioned opinion establishes that such designated employees are *entitled to make arrests,* execute warrants, and preserve the peace within and adjacent to the lands under the jurisdiction and control of such boards." (Emphasis added.) 1970 Ohio Atty.Gen.Ops. No. 70–073, at 2–124.

In the present case, complainant, Ranger Podzinski, had the authority to arrest appellant within and adjacent to the land of Side Cut Metropark. The statute sections and the Opinion of the Attorney General only limit Ranger Podzinski's authority geographically.

Additionally, the Ohio Attorney General, in interpreting Ohio statutory law, designated park rangers with authority to enforce the laws of the state:

"The board also is given power to promulgate rules for the preservation of good order on lands within and adjacent to the park districts. Section 1545.09 Revised Code. These rules *and the laws of the State* are enforced by employees of the park district specified in section 1545.13. * * * " (Emphasis added.) *Id.* at 2–123.

Moreover, the Ohio Revised Code empowers park rangers to enforce state laws. As set forth above, R.C. 1545.13 vests rangers with "all the powers of police officers." The section does not specifically limit which laws, regulations or rules a ranger is empowered to enforce. Furthermore, R.C. 2935.03 empowers a

police officer with authority to arrest "a person found violating * * * a law of this state * * *." Also, R.C. 511.232 specifically authorizes park rangers to enforce the laws of the state. It provides:

"Employees designated by the board of park commissioners of a township park district may enforce the laws of the state and the regulations of the board within and adjacent to the lands under the jurisdiction and control of the board. Before exercising such powers, the employees so designated shall comply with the certification requirement established in section 109.77 of the Revised Code, take an oath, and give a bond to the state, in such sum as the board prescribes, for the proper performance of their duties."

Although R.C. 511.232 refers to township park districts, this section is similar to R.C. 1545.13 in that in both sections complying with R.C. 109.77, taking an oath, and giving a bond are necessary before exercising such powers. We are of the opinion, through interpreting the various statute sections, that "police powers" includes enforcement of laws of the state and regulations of the board.

Based on statutory interpretation and the Opinion of the Attorney General, Ranger Podzinski is vested with the authority to arrest and charge appellant for the offense of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(3). Accordingly, appellant's sole assignment of error is found not well taken and denied. On consideration whereof, the judgment of the Maumee Municipal Court is affirmed. Costs of this appeal are assessed against appellant.

*Judgment affirmed.*

HANDWORK and ABOOD, JJ., concur.