THE STATE EX REL. BOARD OF COMMISSIONERS OF MILL CREEK METROPOLITAN PARK DISTRICT, APPELLEE, *v.* TABLACK, AUDITOR, ET AL.; CITY OF CAMPBELL ET AL., APPELLANTS.

[Cite as *State ex rel. Mill Creek Metro. Park Dist. Bd. of Commrs. v. Tablack* (1999), 86 Ohio St.3d 293.]

(No. 99–261—Submitted July 28, 1999—Decided September 1, 1999.)

" * * *

*Manchester, Bennett, Powers & Ullman, John F. Zimmerman, Jr.* and *Thomas J. Lipka,* for appellee.

*Brian J. Macala,* Campbell Law Director, for appellant city of Campbell.

*Nadler, Nadler & Burdman Co., L.P.A.,* and *Robert S. Hartford, Jr.,* for appellant municipality of Sebring.

*Kincaid, Randall & Craine* and *Samuel B. Randall,* urging affirmance for *amicus curiae,* Columbus and Franklin County Metropolitan District.

*Baker & Hostetler L.L.P., Elliot S. Azoff* and *Todd A. Dawson,* urging affirmance for *amicus curiae,* Cleveland Metropolitan Park District Board of Parks Commissioners.

*Spengler Nathanson, P.L.L.,* and *B. Gary McBride,* for *amici curiae,* Toledo Area Metropolitan Park District and Hamilton County Park District.

---

*Per Curiam.* Campbell and Sebring assert that the court of appeals erred in granting the writ of mandamus because the board did not establish any of the requirements for issuance of the writ. In order to be entitled to a writ of mandamus, the board had to establish a clear legal right to the requested relief, a clear legal duty on the part of the auditor and treasurer to provide this relief, and the lack of an adequate remedy in the ordinary course of law to compel them to perform the requested acts. *State ex rel. Fattlar v. Boyle* (1998), 83 Ohio St.3d 123, 125, 698 N.E.2d 987, 988.

Regarding the first two requirements for the writ, the dispositive issue is whether Campbell's and Sebring's ordinances withdrawing the municipalities from the Park District and exempting their residents from the previously approved Park District tax are unconstitutional. Campbell and Sebring claim that their ordinances were enacted pursuant to their powers of local self-government under the Home–Rule Amendment, which authorizes Ohio municipalities "to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution; *Linndale v. State* (1999), 85 Ohio St.3d 52, 54, 706 N.E.2d 1227, 1229. The board counters that the ordinances are invalid because they were not enacted pursuant to the municipalities' powers of local self-government and they conflict with the general, state laws in R.C. Chapter 1545.

In order to determine if the municipal ordinances are invalidated by R.C. Chapter 1545, we must resolve whether (1) the challenged ordinances involve the exercise of powers of local self-government, (2) the state statutes are general or special laws, and (3) there is any conflict between the ordinances and state law. See *Ohio Assn. of Private Detective Agencies, Inc. v. N. Olmsted* (1992), 65 Ohio St.3d 242, 244–245, 602 N.E.2d 1147, 1149–1150; *Fairview Park v. Barefoot Grass Lawn Serv., Inc.* (1996), 115 Ohio App.3d 306, 310, 685 N.E.2d 300, 302, discretionary appeal not allowed (1997), 77 Ohio St.3d 1544, 674 N.E.2d 1184. For the reasons that follow, we conclude that the Campbell and Sebring ordinances are unconstitutional because they did not involve the exercise of the municipalities' powers of local self-government and they conflict with the general laws in R.C. Chapter 1545.

The first inquiry requires an analysis of whether the ordinances were enacted pursuant to the municipalities' powers of local self-government. We have applied the following test:

"To determine whether legislation is such as falls within the area of local self-government, the result of such legislation or the result of the proceedings thereunder must be considered. If the result affects only the municipality itself, with no extraterritorial effects, the subject is clearly within the power of local self-government and is a matter for the determination of the municipality. However, if the result is not so confined it becomes a matter for the General Assembly." *Beachwood v. Cuyahoga Cty. Bd. of Elections* (1958), 167 Ohio St. 369, 371, 5 O.O.2d 6, 7–8, 148 N.E.2d 921, 923; *Kettering v. State Emp. Relations Bd.* (1986), 26 Ohio St.3d 50, 54, 26 OBR 42, 45–46, 496 N.E.2d 983, 987.

The Campbell and Sebring ordinances were not enacted pursuant to their powers of local self-government because the ordinances have manifest extraterritorial effects, *i.e.*, they exempt the municipalities' citizens from taxes intended to benefit the larger Park District, which has boundaries coextensive with the county.

In next determining whether the provisions of R.C. Chapter 1545, which provide for park districts, are general or special laws, we find that park districts may exist in and affect people in every county in the state, and all of the people of the state are benefited by these districts. *Willoughby Hills v. Bd. of Park Commrs. of Cleveland Metro. Park Dist.* (1965), 3 Ohio St.2d 49, 50, 32 O.O.2d 27, 28, 209 N.E.2d 162, 163; *State ex rel. Bryant v. Akron Metro. Park Dist.* (1929), 120 Ohio St. 464, 471, 166 N.E. 407, 409, affirmed (1930), 281 U.S. 74, 50 S.Ct. 228, 74 L.Ed. 710. See *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 541–542, 706 N.E.2d 323, 330. Therefore, the provisions of R.C. Chapter 1545, which empower Campbell and Sebring to determine their own geographic boundaries and to levy taxes to maintain and operate the Park District, are general rather than special laws. These general laws must be accorded a uniform operation throughout the state. Section 26, Article II, Ohio Constitution; *Desenco, Inc.*

For the last determination of the three-part inquiry, the Campbell and Sebring ordinances also conflict with R.C. Chapter 1545 because they permit Campbell and Sebring to withdraw from the Park Districts and exempt their residents from Park District taxes in contravention of R.C. Chapter 1545. See *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, paragraph two of the syllabus.

Therefore, the Campbell and Sebring ordinances are unconstitutional and invalid. The auditor and treasurer consequently had a duty under the Revised Code and the approved 1988 Park District tax to assess, collect, and disburse to the board the applicable tax from property in the entire district, including Campbell and Sebring.

In this regard, Campbell and Sebring's argument that they have no duty to perform the requested acts is irrelevant. The court of appeals merely joined them as respondents upon the request of the auditor and treasurer, so that they

could assert their claims that the auditor and treasurer had no duty to collect Park District taxes on real estate in Campbell and Sebring because of their municipal ordinances withdrawing them from the Park District.

In addition, Campbell and Sebring erroneously rely on the affidavits of their mayors concerning the intent of the General Assembly in its passage of R.C. 1545.041 and the intent of the electorate in the passage of the challenged municipal ordinances. The challenged affidavits were not based on the personal knowledge of the affiants, *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223–224, 631 N.E.2d 150, 155; Civ.R. 56(E), were conclusory, *Fryberger v. Lake Cable Recreation Assn.* (1988), 40 Ohio St.3d 349, 352–353, 533 N.E.2d 738, 742, and did not raise a genuine issue of material fact concerning the constitutionality of the ordinances. For example, the Campbell mayor did not specify that he had personal knowledge of the General Assembly's intent in enacting R.C. 1545.041, and the fact that he was a state representative at least nine years *before* its enactment does not raise an inference of such personal knowledge. Similarly, the Sebring mayor did not, and could not, state that she had personal knowledge of the intent of each of the electors in voting for the ordinance.

Having shown its clear legal right to the taxes and corresponding clear legal duty of the auditor and treasurer to assess, collect, and disburse to the board the taxes from the district property, the board had to establish the lack of an adequate remedy in the ordinary course of law in order to be entitled to the writ. R.C. 2731.05. Campbell and Sebring claim that declaratory judgment, rather than mandamus, was the appropriate action to test the constitutionality of the municipal ordinances. We have recognized, however, that the constitutionality of a statute or ordinance may in certain circumstances be challenged by mandamus. *State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 345, 699 N.E.2d 1271, 1277.

Declaratory judgment would not be an adequate remedy here because it is not sufficiently complete. In general, if declaratory judgment would not be a complete remedy unless coupled with extraordinary ancillary relief in the nature of a mandatory injunction, the availability of declaratory judgment does not preclude a writ of mandamus. *State ex rel. Arnett v. Winemiller* (1997), 80 Ohio St.3d 255, 259, 685 N.E.2d 1219, 1222; see, also, *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 537, 653 N.E.2d 349, 355, citing *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525, paragraph two of the syllabus. Therefore, the board established that it lacked an adequate legal remedy because it would still need a mandatory injunction to compel the auditor and the treasurer not to abide by the challenged ordinances.

Based on the foregoing, the court of appeals correctly granted the writ. The board established all of the prerequisites for the issuance of a writ of mandamus. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.