[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 293.]

THE STATE EX REL. BOARD OF COMMISSIONERS OF MILL CREEK
METROPOLITAN PARK DISTRICT, APPELLEE, *v.* TABLACK, AUDITOR, ET AL.;
CITY OF CAMPBELL ET AL., APPELLANTS.

[Cite as *State ex rel. Mill Creek Metro. Park Dist. Bd. of Commrs. v. Tablack*,
1999-Ohio-103.]

*Parks—Withdrawal of municipalities from a park district—Mandamus to compel
Mahoning County Auditor and Mahoning County Treasurer to continue
assessing, collecting, and paying Board of Park Commissioners of Mill
Creek Metropolitan Park District the park tax on all taxable real estate in
the city of Campbell and the municipality of Sebring—Writ granted, when.*

(No. 99-261—Submitted July 28, 1999—Decided September 1, 1999.)

APPEAL from the Court of Appeals for Mahoning County, No. 97 CA 240.

———————————

{¶ 1} On May 3, 1988, Mahoning County electors approved the conversion
of the Youngstown Township Park District to the Mill Creek Metropolitan Park
District ("Park District") pursuant to the procedure specified in R.C. 1545.041.[1]

---

1. R.C. 1545.041 provides:

"(A)  Any township park district created pursuant to section 511.18 of the Revised Code
that includes park land located outside the township in which the park district was established may
be converted under the procedures provided in this section into a park district to be operated and
maintained as provided for in this chapter, provided that there is no existing park district created
under section 1545.04 of the Revised Code in the county in which the township park district is
located.  The proposed park district shall include within its boundary all townships and municipal
corporations in which lands owned by the township park district seeking conversion are located, and
may include any other townships and municipal corporations in which lands owned by the township
park district seeking conversion are located.

"(B)  Conversion of a township park district into a park district operated and maintained
under this chapter shall be initiated by a resolution adopted by the board of park commissioners of
the park district.  * * * The resolution may also include a proposed tax levy for the operation and
maintenance of the proposed park district.  * * *

"(C) Upon adoption of the resolution provided for in division (B) of this section, the board
of park commissioners of the township park district seeking conversion under this section shall

The geographic boundaries of the Park District are the same as the boundaries of Mahoning County. At the same election, Mahoning County electors also approved a tax for the operation and maintenance of the Park District. The tax was to be levied on all taxable real estate within the county at a rate not to exceed $1.9 mills for each dollar of valuation for a period of fifteen years, beginning with the 1988 tax year.

{¶ 2} At the November 1997 general election, electors of appellants, the city of Campbell and the municipality of Sebring, approved ordinances amending their charters to provide for the withdrawal of the municipalities from the Park District and the exemption of their residents from the payment of any Park District tax levied under R.C. Chapter 1545. Campbell and Sebring are both located in the Park District. Campbell and Sebring claimed that these ordinances were authorized by their constitutional home-rule powers.

{¶ 3} Shortly after the November 1997 election, appellee, Board of Commissioners of the Park District ("board"), filed a complaint in the Court of Appeals for Mahoning County for a writ of mandamus to compel the Mahoning County Auditor and Mahoning County Treasurer to continue assessing, collecting, and paying the board the Park District tax, including the tax on all taxable real estate in Campbell and Sebring. The board claimed that the Campbell and Sebring ordinances amending their charters were unconstitutional because they conflicted with R.C. Chapter 1545. The court of appeals granted the auditor and treasurer's motion to join Campbell and Sebring as respondents, and Campbell and Sebring filed motions to dismiss and for summary judgment. Campbell and Sebring filed

---

certify the resolution to the board of elections of the county in which the park district is located * * *. * * * The question shall provide for a tax levy if such a levy is specified in the resolution.
" * * *
"(E) If the proposed conversion is approved by at least a majority of the electors voting on the proposal, the township park district that seeks conversion shall become a park district subject to Chapter 1545. of the Revised Code effective the first day of January following approval by the voters. * * * "

affidavits of their mayors in support of their motions. The board also filed a motion for summary judgment.

{¶ 4} In December 1998, the court of appeals granted the board's motion for summary judgment and granted the writ of mandamus. The court of appeals determined that the Campbell and Sebring ordinances were unconstitutional and that the board did not have an adequate legal remedy by way of a declaratory judgment action.

{¶ 5} This cause is now before the court upon an appeal as of right.

_____

*Manchester, Bennett, Powers & Ullman, John F. Zimmerman, Jr.* and *Thomas J. Lipka*, for appellee.

*Brian J. Macala*, Campbell Law Director, for appellant city of Campbell.

*Nadler, Nadler & Burdman Co., L.P.A.*, and *Robert S. Hartford, Jr.*, for appellant municipality of Sebring.

*Kincaid, Randall & Craine* and *Samuel B. Randall*, urging affirmance for *amicus curiae*, Columbus and Franklin County Metropolitan District.

*Baker & Hostetler L.L.P., Elliot S. Azoff* and *Todd A. Dawson*, urging affirmance for *amicus curiae*, Cleveland Metropolitan Park District Board of Parks Commissioners.

*Spengler Nathanson, P.L.L.,* and *B. Gary McBride*, for *amici curiae*, Toledo Area Metropolitan Park District and Hamilton County Park District.

_____

*Per Curiam.*

{¶ 6} Campbell and Sebring assert that the court of appeals erred in granting the writ of mandamus because the board did not establish any of the requirements for issuance of the writ. In order to be entitled to a writ of mandamus, the board had to establish a clear legal right to the requested relief, a clear legal duty on the part of the auditor and treasurer to provide this relief, and the lack of an adequate

remedy in the ordinary course of law to compel them to perform the requested acts. *State ex rel. Fattlar v. Boyle* (1998), 83 Ohio St.3d 123, 125, 698 N.E.2d 987, 988.

**{¶ 7}** Regarding the first two requirements for the writ, the dispositive issue is whether Campbell's and Sebring's ordinances withdrawing the municipalities from the Park District and exempting their residents from the previously approved Park District tax are unconstitutional. Campbell and Sebring claim that their ordinances were enacted pursuant to their powers of local self-government under the Home-Rule Amendment, which authorizes Ohio municipalities "to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution; *Linndale v. State* (1999), 85 Ohio St.3d 52, 54, 706 N.E.2d 1227, 1229. The board counters that the ordinances are invalid because they were not enacted pursuant to the municipalities' powers of local self-government and they conflict with the general, state laws in R.C. Chapter 1545.

**{¶ 8}** In order to determine if the municipal ordinances are invalidated by R.C. Chapter 1545, we must resolve whether (1) the challenged ordinances involve the exercise of powers of local self-government, (2) the state statutes are general or special laws, and (3) there is any conflict between the ordinances and state law. See *Ohio Assn. of Private Detective Agencies, Inc. v. N. Olmsted* (1992), 65 Ohio St.3d 242, 244-245, 602 N.E.2d 1147, 1149-1150; *Fairview Park v. Barefoot Grass Lawn Serv., Inc.* (1996), 115 Ohio App.3d 306, 310, 685 N.E.2d 300, 302, discretionary appeal not allowed (1997), 77 Ohio St.3d 1544, 674 N.E.2d 1184. For the reasons that follow, we conclude that the Campbell and Sebring ordinances are unconstitutional because they did not involve the exercise of the municipalities' powers of local self-government and they conflict with the general laws in R.C. Chapter 1545.

**{¶ 9}** The first inquiry requires an analysis of whether the ordinances were enacted pursuant to the municipalities' powers of local self-government. We have applied the following test:

"To determine whether legislation is such as falls within the area of local self-government, the result of such legislation or the result of the proceedings thereunder must be considered. If the result affects only the municipality itself, with no extraterritorial effects, the subject is clearly within the power of local self-government and is a matter for the determination of the municipality. However, if the result is not so confined it becomes a matter for the General Assembly." *Beachwood v. Cuyahoga Cty. Bd. of Elections* (1958), 167 Ohio St. 369, 371, 5 O.O.2d 6, 7-8, 148 N.E.2d 921, 923; *Kettering v. State Emp. Relations Bd.* (1986), 26 Ohio St.3d 50, 54, 26 OBR 42, 45-46, 496 N.E.2d 983, 987.

**{¶ 10}** The Campbell and Sebring ordinances were not enacted pursuant to their powers of local self-government because the ordinances have manifest extraterritorial effects, *i.e.*, they exempt the municipalities' citizens from taxes intended to benefit the larger Park District, which has boundaries coextensive with the county.

**{¶ 11}** In next determining whether the provisions of R.C. Chapter 1545, which provide for park districts, are general or special laws, we find that park districts may exist in and affect people in every county in the state, and all of the people of the state are benefited by these districts. *Willoughby Hills v. Bd. of Park Commrs. of Cleveland Metro. Park Dist.* (1965), 3 Ohio St.2d 49, 50, 32 O.O.2d 27, 28, 209 N.E.2d 162, 163; *State ex rel. Bryant v. Akron Metro. Park Dist.* (1929), 120 Ohio St. 464, 471, 166 N.E. 407, 409, affirmed (1930), 281 U.S. 74, 50 S.Ct. 228, 74 L.Ed. 710. See *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 541-542, 706 N.E.2d 323, 330. Therefore, the provisions of R.C. Chapter 1545, which empower Campbell and Sebring to determine their own geographic boundaries and to levy taxes to maintain and operate the Park District, are general rather than

special laws. These general laws must be accorded a uniform operation throughout the state. Section 26, Article II, Ohio Constitution; *Desenco, Inc.*

{¶ 12} For the last determination of the three-part inquiry, the Campbell and Sebring ordinances also conflict with R.C. Chapter 1545 because they permit Campbell and Sebring to withdraw from the Park Districts and exempt their residents from Park District taxes in contravention of R.C. Chapter 1545. See *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, paragraph two of the syllabus.

{¶ 13} Therefore, the Campbell and Sebring ordinances are unconstitutional and invalid. The auditor and treasurer consequently had a duty under the Revised Code and the approved 1988 Park District tax to assess, collect, and disburse to the board the applicable tax from property in the entire district, including Campbell and Sebring.

{¶ 14} In this regard, Campbell and Sebring's argument that they have no duty to perform the requested acts is irrelevant. The court of appeals merely joined them as respondents upon the request of the auditor and treasurer, so that they could assert their claims that the auditor and treasurer had no duty to collect Park District taxes on real estate in Campbell and Sebring because of their municipal ordinances withdrawing them from the Park District.

{¶ 15} In addition, Campbell and Sebring erroneously rely on the affidavits of their mayors concerning the intent of the General Assembly in its passage of R.C. 1545.041 and the intent of the electorate in the passage of the challenged municipal ordinances. The challenged affidavits were not based on the personal knowledge of the affiants, *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223-224, 631 N.E.2d 150, 155; Civ.R. 56(E), were conclusory, *Fryberger v. Lake Cable Recreation Assn.* (1988), 40 Ohio St.3d 349, 352-353, 533 N.E.2d 738, 742, and did not raise a genuine issue of material fact concerning the constitutionality of the ordinances. For example, the Campbell

mayor did not specify that he had personal knowledge of the General Assembly's intent in enacting R.C. 1545.041, and the fact that he was a state representative at least nine years *before* its enactment does not raise an inference of such personal knowledge. Similarly, the Sebring mayor did not, and could not, state that she had personal knowledge of the intent of each of the electors in voting for the ordinance.

{¶ 16} Having shown its clear legal right to the taxes and corresponding clear legal duty of the auditor and treasurer to assess, collect, and disburse to the board the taxes from the district property, the board had to establish the lack of an adequate remedy in the ordinary course of law in order to be entitled to the writ. R.C. 2731.05. Campbell and Sebring claim that declaratory judgment, rather than mandamus, was the appropriate action to test the constitutionality of the municipal ordinances. We have recognized, however, that the constitutionality of a statute or ordinance may in certain circumstances be challenged by mandamus. *State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 345, 699 N.E.2d 1271, 1277.

{¶ 17} Declaratory judgment would not be an adequate remedy here because it is not sufficiently complete. In general, if declaratory judgment would not be a complete remedy unless coupled with extraordinary ancillary relief in the nature of a mandatory injunction, the availability of declaratory judgment does not preclude a writ of mandamus. *State ex rel. Arnett v. Winemiller* (1997), 80 Ohio St.3d 255, 259, 685 N.E.2d 1219, 1222; see, also, *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 537, 653 N.E.2d 349, 355, citing *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525, paragraph two of the syllabus. Therefore, the board established that it lacked an adequate legal remedy because it would still need a mandatory injunction to compel the auditor and the treasurer not to abide by the challenged ordinances.

**{¶ 18}** Based on the foregoing, the court of appeals correctly granted the writ.  The board established all of the prerequisites for the issuance of a writ of mandamus.  Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____