Sweeney, J.
Resolution of the present controversy requires consideration of the home-rule authority of the city of North Olmsted — a charter municipality. The authority of a charter municipality to legislate regarding particular *244 subjects is governed by Section 3, Article XVIII of the Ohio Constitution. This provision provides:
“Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." (Emphasis added.)
In State ex rel. Canada v. Phillips (1958), 168 Ohio St. 191, 5 O.O.2d 481, 151 N.E.2d 722, paragraph four of the syllabus, this court interpreted the foregoing language as follows:
“The words, ‘as are not in conflict with general laws’ found in Section 3 of Article XVIII of the Constitution, modify the words ‘local police, sanitary and other similar regulations’ but do not modify the words ‘powers of local self-government.’ ”
Accordingly, in Auxter v. Toledo (1962), 173 Ohio St. 444, 20 O.O.2d 71, 183 N.E.2d 920, the court intimated that a three-step process is involved in determining whether a municipal ordinance must yield to the provisions of a state statute. Initially, it must be ascertained whether the local ordinance seeks to exercise a power of local self-government or constitutes a police regulation. In Auxter, supra, at 446, 20 O.O.2d at 72, 183 N.E.2d at 922, the court observed that:
“ * * * [A]ny municipal ordinance, which prohibits the doing of something without a municipal license to do it, is a police regulation within the meaning of Section 3 of Article XVIII of the Ohio Constitution.”
Appellee attempts to distinguish Auxter from the instant case by contending that it seeks not to “license” but to “register” security personnel. This argument is without merit. Whatever the distinction may be between licensing and registration, such distinction does not convert the latter into the exercise of a power of local self-government. Regulation of private employment can hardly be argued to be a matter involving the structure or operation of a charter municipality.
The second inquiry involves a determination of whether the state legislation is a general or special provision. Id. at 447-448, 20 O.O.2d at 73, 183 N.E.2d at 923. A general law has been described as one which promotes statewide uniformity. Thus, in State ex rel. McElroy v. Akron (1962), 173 Ohio St. 189, 194, 19 O.O.2d 3, 6, 181 N.E.2d 26, 30, it was observed:
“Once a matter has become of such general interest that it is necessary to make it subject to statewide control so as to require uniform statewide regulation, the municipality can no longer legislate in the field so as to conflict with the state.”
*245 In Westlake v. Mascot Petroleum Co. (1991), 61 Ohio St.3d 161, 573 N.E.2d 1068, this court concluded that a statewide permit scheme (i.e., liquor sales regulation) precluded local enactments on the same subject which were inconsistent therewith. In the present case, R.C. 4749.09 prohibits the imposition of a local registration fee for private security personnel.
Considered in isolation, such a provision may fail to qualify as a general law because it prohibits a municipality from exercising a local police power while not providing for uniform statewide regulation of the same subject matter. See Youngstown v. Evans (1929), 121 Ohio St. 342, 168 N.E. 844. However, consideration of R.C. 4749.09 alone is not dispositive of the present controversy. R.C. Chapter 4749 in its entirety does provide for uniform statewide regulation of security personnel in the same manner that R.C. Chapter 4303 provided for statewide liquor sales regulation in Mascot, supra. Accordingly, R.C. 4749.09 must be considered a general law of statewide application.
The final inquiry concerns whether a conflict exists between the state and local provisions. Auxter, supra, 173 Ohio St. at 448, 20 O.O.2d at 73, 183 N.E.2d at 923. While the appellate court conceded that a conflict existed, it nevertheless concluded that the local ordinance validly exacted a fee because the state law was not deemed to be one of general application. Nonetheless, appellee attempts to address the conflict issue. Appellee contends that no conflict exists because the ordinance neither can nor does attempt to prohibit the practice of private investigation within the city of Westlake. Rather, appellee maintains that the ordinance merely requires that members of the regulated profession register with the municipality. Despite this resourceful argument, appellee ignores the fact that the failure to register and pay the registration fee precludes security personnel from working in the municipality and exposes them to misdemeanor liability if they attempt to do so.
Consequently, inasmuch as the local ordinance restricts an activity which a state license permits, the ordinance is in conflict with a general law of the state and violates Section 3, Article XVIII of the Ohio Constitution.
We therefore conclude that a municipal ordinance which attempts to exact a fee for the registration or licensure of private investigators, security guard providers or their employees, constitutes a local police regulation. Where, as here, the fee provision in such ordinance conflicts with the statewide regulatory program established pursuant to R.C. Chapter 4749 and, specifically, the prohibition against the imposition of such fees contained in R.C. 4749.09, it is rendered invalid by operation of Section 3, Article XVIII of the Ohio Constitution.
*246 Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the court of common pleas for proceedings in accordance with this opinion.

Judgment reversed and cause remanded.

Moyer, C.J., Douglas, H. Brown and Resnick, JJ., concur.
Holmes and Wright, JJ., dissent.