AUTOMATIC REFRESHMENT SERVICE, INC., Appellant,

v.

City of CINCINNATI et al., Appellees.

[Cite as *Automatic Refreshment Serv., Inc. v. Cincinnati* (1993), 92 Ohio App.3d 284.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920652.

Decided Nov. 24, 1993.

*Kohnen, Patton & Hunt, James Hunt* and *Susanne Cetrulo*, for appellant.

*Fay D. DuPuis* and *Mark C. Vollman*, for appellees Cincinnati, Cincinnati City Council, Mayor Dwight Tillery, Chief of Police Lawrence E. Whalen, City Manager Gerald E. Newfarmer, and Attorney General Lee I. Fisher.

MARIANNA BROWN BETTMAN, Judge.

This case asks this court to determine whether the city of Cincinnati ordinance which enacted Chapter 849 of the Cincinnati Municipal Code ("Chapter 849") to prohibit the vending-machine distribution of tobacco products ("vending of tobacco products") in public places and to place strict limits on the vending of tobacco products in certain liquor-permit premises is in conflict with R.C. 2927.02 ("the state law"), which covers the illegal distribution of cigarettes and other tobacco products throughout the state. For the reasons which follow we find that Chapter 849 conflicts with the state law.

On March 4, 1992, the Cincinnati City Council passed Ordinance No. 84–1992, which enacted Chapter 849 of the Cincinnati Municipal Code. The pertinent parts of Chapter 849 prohibit the vending of tobacco products in public places and

restrict the placement of tobacco-products vending machines in certain liquor-permit establishments to a minimum distance of twenty-five feet from the entrance and in a place where the owner, employee or agent of the owner can directly view them. Violation of Chapter 849 is a minor misdemeanor; a second violation within two years of the first is a fourth-degree misdemeanor.

R.C. 2927.02 became effective October 23, 1991. In pertinent part, this state law permits the vending of tobacco products without any restrictions in an area within a factory, business, office or other place not open to the general public and in places to which minors are not generally permitted access.[1] R.C. 2927.-02(B)(1)(a) and (b). In all other places the vending of tobacco products is permitted, but restricted to places where the machines are in the immediate vicinity, plain view and control of the owner, operator or employee of the owner or operator. Violation of the state law is a fourth-degree misdemeanor for the first offense, a third-degree misdemeanor for other offenses.

Automatic Refreshment Service, Inc. ("Automatic"), the plaintiff-appellant, is an Ohio corporation engaged in the business of supplying vending machines and their products to various establishments throughout the state including Cincinnati. Because the enactment of Chapter 849 required Automatic to remove numerous vending machines from the city limits[2] or face criminal prosecution, Automatic filed a complaint for declaratory judgment and moved for a preliminary injunction to stay enforcement of Chapter 849. After originally granting a temporary restraining order, the trial court, after a full hearing, determined that the state law did not preempt Chapter 849, ordered the temporary restraining order dissolved, and declared that the city could enforce Chapter 849. A request for stay was denied by the trial court. Automatic filed an appeal, and a stay order was issued by this court, ordering the city to suspend the enforcement of Chapter 849 pending this appeal.

In its single assignment of error Automatic argues that the trial court erred as a matter of law in ruling that Chapter 849 was constitutional and not in conflict with or preempted by the state law.

We note at the outset that the trial court properly did not determine the constitutionality of Chapter 849 in reaching its decision, nor is such a determination necessary to our review. In *Westlake v. Mascot Petroleum Co.* (1991), 61 Ohio St.3d 161, 573 N.E.2d 1068, a case which, like the case at bar, involved the

---

1. Other parts of R.C. 2927.02 deal with sale and distribution of cigarettes to minors other than in vending machines. We do not concern ourselves in this case with these provisions.

2. There is disagreement between the parties about the number of vending machines involved, but this issue is immaterial to our decision.

question of whether a city ordinance was in conflict with the regulatory framework established under state law, the court instructs us that while the respective authority of cities and the state to legislate on certain subjects involves a constitutional question, any conflict between state law and a city ordinance is determined by reference to their operative provisions. Since nothing more than the interpretation of a state statute is involved, the constitutionality of the ordinance is not at issue. See *Westlake, supra,* at 164, 573 N.E.2d at 1071. Thus, there is no constitutional issue before us in the instant case.

■ *Auxter v. Toledo* (1962), 173 Ohio St. 444, 20 O.O.2d 71, 183 N.E.2d 920, mandates a three-part test to determine whether a municipal ordinance is preempted by a state statute. Under this test we first must determine whether Chapter 849 seeks to exercise a power of local self-government or whether it constitutes a police regulation. Next, we must determine whether the state law is a general or a special law. Finally, we must determine whether there is a conflict between the provisions of the state law and Chapter 849. We will consider each one of these issues in turn in the case before us. Accord *Ohio Assn. of Private Detective Agencies, Inc. v. N. Olmstead* (1992), 65 Ohio St.3d 242, 602 N.E.2d 1147.

■ Section 3, Article XVIII of the Ohio Constitution grants municipalities home rule power "to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." "Police power" has been defined as the "power to guard the public morals, safety, and health, and to promote the public convenience and the common good." *Cincinnati & Suburban Bell Tel. Co. v. Cincinnati* (P.C.1964), 7 Ohio Misc. 159, 167, 34 O.O.2d 445, 450, 215 N.E.2d 631, 637. Chapter 849 was enacted to prevent minors from obtaining tobacco products. It regulates the distribution of the vending of tobacco products. Chapter 849 "aims directly to secure and promote the public welfare, and it does so by restraint and compulsion." *Garcia v. Siffrin Residential Assn.* (1980), 63 Ohio St.2d 259, 270, 17 O.O.3d 167, 173, 407 N.E.2d 1369, 1377, certiorari denied (1981), 450 U.S. 911, 101 S.Ct. 1349, 67 L.Ed.2d 334, quoting *Fitzgerald v. Cleveland* (1913), 88 Ohio St. 338, 357, 103 N.E. 512, 518. We thus first hold that an ordinance to regulate the vending of tobacco products is an exercise of the city's police power. See *Auxter, supra; N. Olmstead, supra.*

■ Having determined that Chapter 849 is an exercise of the city's police power, we next address in our analysis whether R.C. 2927.02 is a general or a special law. A general law is one which promotes statewide uniformity. *N. Olmstead, supra,* at 244, 602 N.E.2d at 1149. *Garcia, supra,* at 271, 17 O.O.3d at 174, 407 N.E.2d at 1377. A statute which sets forth uniform police or sanitary

regulations statewide is a general law for the purposes of Section 3, Article XVIII of the Ohio Constitution. *In re Decertification of Eastlake* (1981), 66 Ohio St.2d 363, 368, 20 O.O.3d 327, 330, 422 N.E.2d 598, 601, certiorari denied *sub nom. Eastlake v. Ohio Bd. of Bldg. Standards* (1981), 454 U.S. 1032, 102 S.Ct. 570, 70 L.Ed.2d 476; *State ex rel. McElroy v. Akron* (1962), 173 Ohio St. 189, 19 O.O.2d 3, 181 N.E.2d 26; *W. Jefferson v. Robinson* (1965), 1 Ohio St.2d 113, 30 O.O.2d 474, 205 N.E.2d 382, paragraph three of the syllabus. We hold that R.C. 2927.02 establishes a statewide regulatory scheme for the vending of tobacco products and is, therefore, a general law of the state.

■ Having found the state law to be a general law, we must next decide whether there is a conflict between R.C. 2927.02 and Chapter 849 of the Cincinnati Municipal Code. If there is a conflict, then the city ordinance is preempted by state law. The test to determine whether a conflict exists is whether an ordinance permits or licenses what a state law forbids or vice versa. *Struthers v. Sokol* (1923), 108 Ohio St. 263, 268, 140 N.E. 519, 521; *Fondessy Enterprises, Inc. v. Oregon* (1986), 23 Ohio St.3d 213, 23 OBR 372, 492 N.E.2d 797, paragraph two of the syllabus; *In re Decertification of Eastlake, supra,* 66 Ohio St.2d at 368, 20 O.O.3d at 330, 422 N.E.2d at 601-602. This principle is easier stated than applied.

In *Westlake, supra,* Sunoco received a permit from the state to sell beer and wine for off-site consumption. The city of Westlake passed an ordinance prohibiting the sale of alcoholic beverages at a service station. The Ohio Supreme Court held this was a conflict and the ordinance was preempted by state law.

In *Perry v. Providence Twp.* (1991), 63 Ohio App.3d 377, 578 N.E.2d 886, a state law permitted the application of sludge so long as certain administrative requirements were met. A township ordinance which strictly prohibited the land application of sludge was found to be in conflict with state law.

In *Northeast Ohio Regional Sewer Dist. v. Brooklyn* (1989), 64 Ohio App.3d 57, 580 N.E.2d 796, state law allowed the acquisition of licenses and temporary permits for blasting for limited purposes. A city of Brooklyn ordinance which banned blasting as a means of construction was found to be in conflict with state law.

■ In the case at bar we have a state law which permits the vending of tobacco products in public places so long as the machines are in the immediate vicinity, plain view and control of the owner, operator or employee of such persons. Chapter 849 strictly prohibits the vending of tobacco products in public places. Because the city ordinance expressly forbids what the state law expressly allows, namely the vending of tobacco products in public places, that part of the

city ordinance is in conflict with and is, thus, preempted by state law.[3] *Struthers, supra; In re Decertification of Eastlake, supra; State ex rel. Cities Serv. Oil Co. v. Orteca* (1980), 63 Ohio St.2d 295, 17 O.O.3d 189, 409 N.E.2d 1018; *Schneiderman v. Sesanstein* (1929), 121 Ohio St. 80, 167 N.E. 158.

The state law and the city ordinance also both deal with the vending of tobacco products in places where liquor is served. While the state law makes no express reference to liquor-permit premises, R.C. 2927.02(B)(1)(b) expressly permits, without any restrictions, the vending of tobacco products in places "to which persons under the age of eighteen years are not generally permitted access." The city ordinance, on the other hand, strictly prohibits the vending of tobacco products in such liquor-permit establishments as restaurants, catering halls, bowling alleys, billiard parlors, discotheques, dance halls, theaters and arenas.[4] Because all of these places are places to which the public is invited or permitted, definitionally "public places" under Chapter 849, the city is again expressly prohibiting what state law expressly allows, namely, the vending of tobacco products in public places. This is also impermissible.

Finally, the city also attempts to regulate, but not forbid, the vending of tobacco products in establishments where alcoholic beverages are sold and served for on-site consumption and in which the service of food is incidental, which is defined as less than forty percent of total annual gross sales. While we are aware that invalid portions of an ordinance should be severed from those portions which are valid, *State ex rel. Mirlisena v. Hamilton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 597, 622 N.E.2d 329 (plurality opinion announced November 8, 1993, on rehearing [No. 93–1435] in connection with allowance of writ of mandamus), we are unable to preserve as permissible any portion of the ordinance regulating the vending of tobacco products in liquor-permit establishments, because it is wholly unclear under Section 849–3 in which liquor-permit establishments the vending of tobacco products is permitted with regulation and in which the vending of tobacco products is strictly prohibited. See, also, *State ex rel. King v. Rhodes* (1967), 11 Ohio St.2d 95, 101, 40 O.O.2d 109, 112, 228 N.E.2d 653,

---

3. As noted previously, the penalties for violation of Chapter 849 and R.C. 2927.02 differ. This difference does not constitute a conflict where Chapter 849 does not change the degree of the offense from a misdemeanor to a felony, or vice versa. *Toledo v. Best* (1961), 172 Ohio St. 371, 16 O.O.2d 220, 176 N.E.2d 520, certiorari denied *sub nom. Best v. Toledo* (1962), 369 U.S. 657, 82 S.Ct. 1037, 8 L.Ed.2d 274; *Cleveland v. Betts* (1958), 168 Ohio St. 386, 7 O.O.2d 151, 154 N.E.2d 917. See *Struthers, supra; Niles v. Howard* (1984), 12 Ohio St.3d 162, 12 OBR 232, 466 N.E.2d 539.

4. The prohibition is potentially even more restrictive as to liquor-permit establishments than it may initially appear at first glance because the enumerated list is not all-inclusive. The language of Chapter 849 states the prohibition is not limited to those listed establishments.

657; *Flury v. Cent. Publishing House of Reformed Church* (1928), 118 Ohio St. 154, 160 N.E. 679; *Cincinnati Street RR. Co. v. Smith* (1876), 29 Ohio St. 291.

However commendable it may be to try to make it more difficult for minors to obtain cigarettes and other tobacco products, we hold that it is impermissible for the city to prohibit absolutely the vending of tobacco products in public places. While it may well be permissible for the city to regulate, by municipal ordinance, the physical location of tobacco vending machines, both in public places and in certain kinds of liquor-permit establishments, it must do so in a manner not in conflict with state law. The city has not done this in Chapter 849. We hold the ordinance which established Chapter 849 of the Cincinnati Municipal Code to be in conflict with R.C. 2927.02 and, thus, preempted by state law. Accordingly, the judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

KLUSMEIER, P.J., and DOAN, J., concur.