The CITY OF FAIRVIEW PARK, Appellee,

v.

BAREFOOT GRASS LAWN SERVICE, INC., Appellant.

[Cite as *Fairview Park v. Barefoot Grass Lawn
Serv., Inc.* (1996), 115 Ohio App.3d 306.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69947.

Decided Oct. 21, 1996.

*James Shannon*, Fairview Park Prosecuting Attorney; *R. Todd Besch*; *Davis & Young* and *Patrick F. Roche*, for appellee.

*Walter & Haverfield, Ralph E. Cascarilla, Jonathan D. Greenberg, Debora S. Lasch* and *Kenneth A. Zirm*, for appellant.

---

*Per Curiam.*

Defendant-appellant Barefoot Grass Lawn Service ("Barefoot Grass") appeals from a no contest plea conviction for violation of an ordinance enacted by plaintiff-appellee city of Fairview Park requiring notice before applying lawn chemicals.

Fairview Park commenced this action by filing a criminal complaint against Barefoot Grass in the Rocky River Municipal Court on July 3, 1995. The complaint alleged that Barefoot Grass applied chemicals/pesticide on a residential property within the municipality without having given prior notice to a specified abutting property owner as required by Codified Ordinances 741.02(a) and 741.02(b).

Barefoot Grass filed a motion to dismiss on the grounds that the Fairview Park ordinance was specifically preempted by R.C. 921.23(C) and conflicted with general state laws regulating pesticides. Fairview Park filed a brief in opposition, and each party thereafter filed additional briefs.

The trial court denied Barefoot Grass's motion to dismiss the charges without opinion. The parties stipulated that Barefoot Grass complied with state law, that the neighbor designated in the complaint did not request notice on the proposed pesticide application, and that Barefoot Grass did not provide notice to the neighbor under the Fairview Park ordinance. Barefoot Grass thereafter pleaded no contest to the charges and was found guilty by the municipal court. The

municipal court imposed a $250 fine and court costs, which were suspended pending appeal. Barefoot Grass raises the following related assignments of error in this accelerated appeal:

"The trial court erred in overruling defendant/appellant's motion to dismiss and finding defendant/appellant guilty of violating Fairview Park Codified Ordinance Nos. 741.02(A) and 741.02(B).

"The trial court erred in upholding and enforcing Fairview Park Codified Ordinance Nos. 741.02(A) and 741.02(B)."

These assignments are well taken.

Barefoot Grass argues generally that the Fairview Park pesticide preapplication notice ordinance is unenforceable because it is contrary to provisions in the Ohio Revised Code. Fairview Park argues to the contrary that the ordinance is valid and does not conflict with Ohio law.

Public health, safety, and environmental regulations are frequently enforced by different levels of government. In the case at bar, each party cites authority regarding regulation of other matters to support its arguments concerning the validity of Fairview Park's pesticide notice ordinance. Cases involving issues of supremacy of law, however, are difficult to apply from one subject to another because of the different regulatory structures governing, for example, foods, drugs, poisons, hazardous substances, and wastes.[1] The parties have cited no authoritative pronouncement in the area of regulation of pesticides in Ohio.[2]

Pesticides are comprehensively regulated by the state of Ohio in R.C. Chapter 921. R.C. 921.16(C)(1) specifically delegates authority to the Director of the Department of Agriculture to adopt rules establishing notice requirements for proposed applications of pesticides by state-licensed pesticide applicators. Ohio Adm.Code 901:5–11–09(A)(1)(b) establishes such notice requirements and expressly provides that state-licensed pesticide applicators provide notice only to those residents of abutting property who make a timely written request for such notice:

"(A) After the effective date of this rule, no licensee shall:

---

1. For a recent review of this subject, see Vankel, Municipal Home Rule in Ohio 1976–1995 (1995), 22 Ohio N.U.L.Rev. 134.

2. Fairview Park's reliance on *Wisconsin Pub. Intervenor v. Mortier* (1991), 501 U.S. 597, 111 S.Ct. 2476, 115 L.Ed.2d 532, to support its arguments is misplaced. *Mortier* held merely that federal law (the Federal Insecticide, Fungicide, and Rodenticide Act) did not preempt a local ordinance which required a permit before the application of pesticides. *Mortier* did not address the supremacy of state law over conflicting local ordinances.

"(1) Apply any lawn pesticides to residential lawns in any municipal corporation or subdivided area of a township unless:

" * * *

"(b) They have made a reasonable attempt to provide, on the previous business day or before, both the approximate time of application and their company name and telephone number to any occupant of a residence whose property abuts to the property on which lawn pesticide is to be applied who has notified the licensee in writing, providing their name, address and telephone number, that he/she wishes to receive prior notification of lawn pesticide applications. The license holder must make available either by telephone or in writing all information listed in paragraphs (A)(1)(a)(i) to (A)(1)(a)(vii) of this rule to an abutting property owner who contacts the license holder following a lawn chemical application requesting this information."

R.C. 921.23(C), in turn, specifically addresses additional local regulation and provides as follows:

"No person who is licensed, regulated, or registered under section 921.02, 921.021, 921.03, 921.06, 921.07, 921.08, 921.11, 921.12, 921.13, or 921.15 of the Revised Code shall be required to obtain a license or permit to operate or to be otherwise regulated in such capacity by any local ordinance, or to meet any other condition except as otherwise provided by statute or rule of the United States or of this state."

Fairview Park Codified Ordinances Chapter 741 applies to lawn chemical applicators. Barefoot Grass was charged with violating Section 741.02 of the ordinances, which, unlike the above Revised Code provisions, requires lawn chemical applicators to provide preapplication notice to occupants of abutting property regardless of whether they request such notice. Section 741.02 provides in part as follows:

"NOTICE AND DUTIES TO OCCUPANTS OF ABUTTING PROPERTY.

"(a) No person licensed under Ohio R.C. 921.06, 921.07, 921.08, or 921.12 shall apply any lawn chemical to residential or commercial lawns in the City unless twenty-four hours prior to the time of application a reasonable attempt has been made to provide the following information set forth in this section in writing or orally, through in-person or telephone communication to persons residing on property that abut the property on which the lawn chemical is to be applied:

"(1) The date and approximate time of lawn chemical application;

"(2) The name and telephone number of the employer of the applicator;

"(3) The chemical type (fertilizer, pesticide or defoliant) of each lawn chemical to be applied.

"(b) In the event that an applicator is unable to provide twenty-four hour prior notification to persons residing on property that abut property on which the lawn chemical is to be applied due to the absence or inaccessibility of such persons, the applicator shall leave a written notice at the residence prior to the time of application which shall provide the information specified in subsections (a)(1), (2) and (3) hereof."

The sole issue is whether these ordinance notice provisions are invalid because they conflict with the regulations adopted under the Ohio Revised Code.

■ The Ohio Supreme Court has established a three-part test which generally applies to determine whether local ordinances are invalidated by state law regulating the same matters. *Ohio Assn. of Private Detective Agencies, Inc. v. N. Olmsted* (1992), 65 Ohio St.3d 242, 602 N.E.2d 1147. The court must determine whether (1) the challenged ordinance involves the exercise of powers of local self-government or police regulation, (2) the state statute is a general or special law, and (3) there is a conflict between the ordinance and state law. *Id.* at 244–245, 602 N.E.2d 1147.

The parties cite and have become mired in a dispute concerning the scope of two cases arising in the context of hazardous waste environmental laws: *Fondessy Enterprises, Inc. v. Oregon* (1986), 23 Ohio St.3d 213, 23 OBR 372, 492 N.E.2d 797, and *Clermont Environmental Reclamation Co. v. Wiederhold* (1982), 2 Ohio St.3d 44, 2 OBR 587, 442 N.E.2d 1278. *Clermont* focused on the second requirement of the three-part test concerning whether a state statute constitutes a general or special law. Section 3, Article XVIII, Ohio Constitution authorizes charter municipalities to adopt regulations under their police power which "are not in conflict with general law."

In *Fondessy* the Ohio Supreme Court discussed the third requirement of the three-part test for invalidating a local ordinance, *viz.,* the existence of a conflict between the ordinance and state law. The *Fondessy* court focused on whether the ordinance permits what the statute forbids. *Id.* at paragraph two of the syllabus, following *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, paragraph two of the syllabus.

■ As a result of our review in accordance with Supreme Court case law, we conclude that the ordinance is a police regulation, the statute is general law, the ordinance impermissibly conflicts with the state statute, and the ordinance is, therefore, invalid. *Accord Automatic Refreshment Serv. v. Cincinnati* (1993), 92 Ohio App.3d 284, 288–289, 634 N.E.2d 1053, 1056 (tobacco sales ordinance).

Fairview Park does not dispute (1) that its ordinance involves the exercise of its police powers rather than its powers of self-government or (2) that the Revised Code provides for the adoption of general laws that establish uniform

statewide standards of conduct. Fairview Park contends, however, that its ordinance does not conflict with the Revised Code because the ordinance provides merely (1) a different manner of providing notice or (2) permissible "dual conditions."

This argument is unpersuasive. State law has established specific standards governing notice prior to the proposed application of pesticides by state-licensed applicators. Regulations adopted pursuant to R.C. 921.16(C) specifically regulate preapplication notices and require such notice only when requested in writing by residents of abutting property. The Fairview Park ordinance broadly regulates users of lawn chemicals and requires notice, without any request by an occupant of abutting property, prior to the proposed application of such chemicals.

There is a conflict between an ordinance and a statute if the ordinance prohibits what the state statute permits. In this case, the Revised Code permits state-licensed pesticide applicators like Barefoot Grass to apply pesticides without giving notice to residents of abutting property who do not make a written request for such notice. Fairview Park's ordinance, on the other hand, prohibits the application of pesticides without giving prior notice to all occupants of abutting property, including those who make no request.

Fairview Park's reliance on *Horisk's Salvage Pool v. Strongsville* (1993), 91 Ohio App.3d 121, 631 N.E.2d 1097, to support its argument to the contrary is unpersuasive. State law in *Horisk's* established "fence and screening" requirements for salvage motor vehicle pools, while local zoning ordinances required conducting that business within enclosed buildings. The *Horisk's* court found no conflict between state law and the challenged zoning ordinance because the ordinance did not contain fence or screening requirements and merely constituted an additional condition on land use.

In this case, however, both state law and the challenged ordinance expressly govern notice requirements prior to the application of pesticides. The language of the state notice regulations, Ohio Adm.Code 901:5–11–09(A)(1)(b), does not permit us to view the contradictory requirements of the ordinance Section 741.02 as merely additional requirements or dual conditions. State law and the local ordinance clearly conflict on whether the occupants of abutting property have the burden of requesting notice prior to the application of pesticides on adjacent property.

Fairview Park's contention that this case involves improper preemption by state law of its challenged ordinance rather than invalidation because of conflict between state law and ordinance lacks merit. We recognize that the Ohio Revised Code statutes governing pesticides contain an express preemption provision similar to the hazardous waste statutes in *Clermont*. Compare R.C. 921.23(C) with R.C. 3734.05(D)(3). Moreover, we agree that *Fondessy* clarified

the holding in *Clermont* to require courts to engage in a conflict analysis rather than merely finding local ordinances to be preempted. The local ordinance in this case, however, expressly prohibits what the state statute expressly permits. This is a conflict, not solely a general preemption. The law does not merely preempt the field in a general fashion and deny municipalities any authority to regulate the subject of pesticides. State law establishes express substantive standards for providing notice.

Fairview Park persuasively argues that its ordinance provides neighbors and the general public with a more effective opportunity to minimize or avoid contact with pesticides than the state regulations. However, it is not for this court to decide which rule is better. The Ohio General Assembly expressly delegated the authority to the Department of Agriculture to determine the adequacy of pesticide preapplication notice. The proper way to change the pesticide application notice requirements is through the Ohio General Assembly or Department of Agriculture, not by enacting a conflicting local ordinance.

The supremacy of R.C. 921.16(C)(1), along with R.C. 921.23(C), and of the Administrative Code notice regulations, does not violate, as appellee claims, Fairview Park's home rule powers under Section 3, Article XVIII, Ohio Constitution. It has long been settled that charter municipalities have no greater authority than noncharter municipalities to adopt police regulations which conflict with general laws of statewide application. *State ex rel. Mowrer v. Underwood* (1940), 137 Ohio St. 1, 17 O.O. 298, 27 N.E.2d 773. We note, moreover, that the Ohio Attorney General, more than a decade ago and prior to enactment of the ordinance in this case, reached the identical conclusion that municipalities lack authority to enact ordinances governing notice requirements for state-licensed pesticide applicators. 1985 Ohio Atty.Gen.Ops. No. 85–101.

Accordingly, the two assignments of error are well taken.

The judgment of the municipal court is reversed, and final judgment is hereby entered for Barefoot Grass.

*Judgment reversed.*

MATIA and KARPINSKI, JJ., concur.

JAMES D. SWEENEY, P.J., dissents.

JAMES D. SWEENEY, Presiding Judge, dissenting.

I respectfully dissent.

The majority concludes that Codified Ordinances of Fairview Park 741.02(A) and 741.02(b) and R.C. 921.23(C) are in conflict because both attempt to regulate

the application of pesticides, specifically the notice provisions prior to application of the pesticides. I disagree and would find that no conflict exists.

In *Struthers v. Sokol* (1923), 108 Ohio State 263, 140 N.E. 519, the word "conflict" was defined by quoting The Century Dictionary as "discord of action, feeling or effect; antagonism as of interests or principles; counteraction, as of causes, laws or agencies of any kind; opposing action or tendency; opposition; collision." The court stated that "no real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa. There can be no conflict unless one authority grants a permit or license to do an act which is forbidden or prohibited by another." This "principle is easier stated than applied." *Automatic Refreshment Serv., Inc. v. Cincinnati* (1993), 92 Ohio App.3d 284, 634 N.E.2d 1053.

In the case *sub judice*, both the city ordinance and the state statute permit the appellant to spread pesticides. The statute provides notice to abutting owners only upon certain conditions, and the ordinance provides simply that notice must be given. The ordinance does not "declare something to be right which the state law declares to be wrong, or vice versa." I would find that no conflict exists between the state statute and the city ordinance, and would affirm the appellant's conviction.