OPINION
In this declaratory judgment action and request for temporary injunction against appellee, City of Fairview Park ("Fairview Park"), appellants Asish Enterprises, Inc., d/b/a Manor Motel, Thakkar Enterprises, Inc., d/b/a/ Country Inns Motel, Purvin, Inc., d/b/a Cleveland Motel and Lounge, and Krish Thakkar, d/b/a Park Motel (collectively "Asish"), challenged the constitutionality of two ordinances affecting the operation of their businesses. They claim Judge Daniel O. Corrigan erred in denying their motion for summary judgment and entering an order finding the ordinances constitutional. We disagree but modify that portion of the order in which the judge applied an incorrect constitutional standard of review.
Prior to 1997, Asish owned and operated motels at 20627 Lorain Road, 20495 Lorain Road, 22735 Lorain Road and 20611 Lorain Road, respectively, in Fairview Park, Ohio. They specialize in offering rooms for rent to persons who may stay for longer than thirty days in a given year.
Fairview Park, with the express intention of prohibiting, within its city limits, the use of hotels and motels by permanent guests for which use such hotels and motels are not designed or constructed, enacted Ordinance No. 97-1 to amend Fairview Park Codified Ordinances 1351.14 pertinent part as follows:
1351.14 HOTEL AND MOTEL
 (a) "Hotel" means every structure which, in whole or in part, has a main or accessory use is kept used, maintained, advertised or held out to the public to be a place where living and/or sleeping accommodations, excluding cooking facilities within the rental unit, are offered for consideration to transient guests and having a common entrance or entrances. The term "transient guest" means persons who contract to occupy the premises for 30 days or less. No person residing within the City of Fairview Park for a period of 30 days, or over, is deemed a transient guest under the provisions of this Chapter or Chapter 705 of the Codified Ordinances, nor is such person to be permitted to occupy any unit licensed hereafter unless such unit is so constructed as to be in full compliance with the building code.
 (b) "Motel" means every structure or group of structures, detached or semi-detached, separate outside entrances which, in whole or in part, has a main or accessory use, is kept, used, maintained, advertised or held out to the public to be a place where only overnight sleeping accommodations, excluding cooking facilities within the rental unit, are offered for consideration to transient guests, principally automobile travelers. The term "transient guests' means persons who contract to occupy the premises on a daily basis not to exceed 30 days. No person residing within the city of Fairview Park for a period of 30 days, or over, is to be deemed a transient guest under the provisions of this Chapter or Chapter 705 of the Codified Ordinances, nor is such person to be permitted to occupy any unit licensed hereunder unless such unit is so constructed as to be in fully compliance with the Building Code.
* * *
It also enacted Ordinance No. 97-2 to amend the Fairview Park Codified Ordinances 705.01, with the express intention:
 [t]o limit the use of hotels and motels to transient guests and to preclude residency in such hotels for periods exceeding 30 days (or) to permit a resident to occupy a hotel or motel for 30 days or less, move therefrom for a very short period of time, and return, thereby circumventing the intent of current legislation.
97-2 REGISTRATION LIST; CONTENTS; PENALTY read as follows:
 (a) The Chief of Police may require that the manager or person in charge of any motel or hotel shall furnish a list of the persons who have registered at such motel or hotel. THE TIME OF ARRIVAL OF AN OCCUPANT OF EACH UNIT SHALL BE NOTED UPON THE RECORD TO BE KEPT PURSUANT HERETO. IN NO EVENT SHALL THERE BE A LETTING TO, OR OCCUPANCY BY, ANY OTHER PERSON OF SUCH UNIT WITHIN THE 24 HOUR PERIOD NEXT FOLLOWING THE TIME SO NOTED. NO PERSON RESIDING WITHIN THE MUNICIPALITY FOR A PERIOD OF 30 DAYS, OR OVER, IS TO BE DEEMED A TRANSIENT UNDER THE PROVISIONS OF THIS CHAPTER AND CHAPTER 1351 OF THE CODIFIED ORDINANCES, NOR IS SUCH PERSON TO BE PERMITTED TO OCCUPY ANY UNIT LICENSED HEREUNDER UNLESS SUCH UNIT IS SO CONSTRUCTED AS TO BE IN FULL COMPLIANCE WITH THE BUILDING CODE.
 (b) NO PERSON SHALL REGISTER FOR ACCOMMODATIONS AT ANY HOTEL OR MOTEL UNDER A FALSE, FICTITIOUS, OR ASSUMED NAME, WITHOUT FIRST MAKING HIS OR HER TRUE NAME KNOWN TO THE PERSON IN CHARGE THEREOF.
 (c) WHOEVER VIOLATES OR FAILS TO COMPLY WITH ANY OF THE PROVISIONS OF THIS SECTION IS GUILTY OF A MISDEMEANOR OF THE FOURTH DEGREE AN SHALL BE FINED NOT MORE THAN $250.00 OR IMPRISONED NOT MORE THAN 30 DAYS, OR BOTH, FOR EACH SUCH OFFENSE. A SEPARATE OFFENSE SHALL BE DEEMED COMMITTED EACH DAY DURING OR ON WHICH A VIOLATION OR NONCOMPLIANCE OCCURS OR CONTINUES.
* * *
Asish filed a verified complaint on May 28, 1997, seeking a declaratory judgment finding the ordinances unconstitutional and requesting a temporary injunction against its provisions. Fairview Park answered and made a jury demand. Asish filed a motion for summary judgment on June 16, 1997, to which Fairview Park responded. On July 22, 1998, the judge denied Asish's motion and further found:
 [t]hat Ordinances 97-1 97-2 are constitutional pursuant to Article 18 Section 13 of the Ohio Constitution. They bear a reasonable relationship to the health, safety and welfare and are not arbitrary or capricious. Final.
Asish appealed the decision and requested a stay of execution of judgment which we granted on September 10, 1998.
Asish's lone assignment of error states:
 THE TRIAL COURT ERRED IN DENYING PLAINTIFFS-APPELLANTS' MOTION FOR SUMMARY JUDGMENT
 Defendant-Appellee's Ordinances 97-1 and 97-2 are unconstitutional because they conflict with Ohio Revised Code Sections 3731.01, et. seq.
Asish asserts that the Fairview Park ordinances are unconstitutional under Section 3, Article XVIII, of the Ohio Constitution because they conflict with Ohio Revised Code Sections3731.01 et seq. R.C. 3731.01 reads in pertinent part:
(A) "Hotel" means:
 (1) Any structure consisting of one or more buildings, with more than five sleeping rooms kept, used and maintained, advertised, or held out to the public to be a place where sleeping accommodations are offered for pay to transient guests for a period of thirty days or less;
 (2) Those facilities specifically constructed, kept, used, maintained, advertised, and held out to the public to offer a temporary residence to persons either relocating their residence in an area or on temporary work assignment in an area.
Asish contend Ordinances 97-1 and 97-2 prohibit them from allowing guests to stay in excess of thirty days even though each of their facilities possessed a "1997 hotel/motel license" and the Cleveland, Park and Country Inns Motels have been issued "1998 extended stay hotel/motel licenses" in accordance with R.C.3731.01(A)(1) and (A)(2).
Fairview Park counters that no conflict exists between R.C.3731.01 and the ordinances in question because it does not license hotels/motels; its ordinances just discuss and define "transient guest," while the statute refers to "temporary residence." The ordinances, it claims, do not prohibit a guest from staying longer than thirty days at a facility that complies with its building code and do not prohibit a person relocating his residence in the city or on a temporary work assignment in the city from staying longer than thirty days at a facility "specifically" constructed, kept, used, maintained and held out for that purpose. R.C. 3531.01(A)(2). The question whether any of Asish's facilities qualify as a "temporary residence" or has a "non-transient guest" would be determined on a case-by-case basis should one of such facilities be cited for a prohibited violation. It argues, moreover, that the 1998 licenses are not part of the record below and not appropriately before this court for consideration.
A judge may grant a motion for summary judgment pursuant to Civ.R. 56 (C) when the following elements are satisfied:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,369 N.E.2d 267, 274; accord Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-370, 696 N.E.2d 201.
The home-rule amendment, Section 3, Article XVIII of the Ohio Constitution, grants to Ohio municipalities the "authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." The authority conferred by this section "is limited only by general laws in conflict therewith upon the same subject matter." FondessyEnter., Inc. v. Oregon (1986), 23 Ohio St.3d 213, 492 N.E.2d 797, paragraph one of the syllabus. The Supreme Court of Ohio has developed a three-part test to "determin[e] whether a municipal ordinance must yield to the provisions of a state statute." OhioAss'n of Private Detective Agencies, Inc. v. North Olmstead (1992),65 Ohio St.3d 242, 244-245, 602 N.E.2d 1147; accord Fairview Parkv. Barefoot Grass Lawn (1996), 115 Ohio App.3d 306, 310,685 N.E.2d 300. The court must determine the following: (1) whether the challenged ordinance involves the exercise of powers of local self-government or police regulation; (2) whether the statute is a general or special law; and (3) whether a conflict exists between the ordinance and state law.
A "general law" is one "enacted by the General Assembly to safeguard * * * peace, health, morals, and safety[,] and to protect the property of the people of the state." Linndale v. State
(1999), 85 Ohio St.3d 52, 54, 706 N.E.2d 1227. It prescribes a rule of conduct upon citizens generally. Id. at 55; Ohio Assn. ofPrivate Detective Agencies, Inc. v. North Olmstead, 65 Ohio St.3d 242,244, 602 N.E.2d at 1147. When determining whether a local ordinance conflicts with a state statute, one must determine "`whether the ordinance permits or licenses that which the statue forbids and prohibits, and vice versa.'" Fondessy Enter., 23 Ohio St.3d 213
at paragraph two of the syllabus (citation omitted) "[I]nasmuch as the local ordinance restricts an activity which a state [law] permits, the ordinance is in conflict with a general law of the state and violates Section 3, Article XVIII of the Ohio Constitution." Ohio Assn., 65 Ohio St.3d at 245.
Fairview Park does not challenge Asish's assertions that these ordinances at issue involve the exercise of its police powers or that the statutes at issue are general laws which apply to the Ohio citizenry generally. Rather, Fairview Park claims that the statutes and ordinances do not conflict.
Asish's request for declaratory judgment action rests upon the proposition that the ordinances prohibit a duly licensed motel from operating as a temporary residence facility under R.C.3731.01(A)(2). This premise is fatally flawed. Contrary to that assertion, the plain language of the ordinances does not prohibit such conduct.
In ruling upon Asish's assignment of error, we must review both the statutes and ordinances at issue. When considering the interpretation of an ordinance, this Court applies the same rules that apply to the interpretation of statutes. See State ex rel.Allerton Parking Corp. v. Cleveland (1965), 4 Ohio App.2d 57, 62,211 N.E.2d 203. If the language of a statute conveys a clear, unequivocal and definite meaning, there is no need to apply rules of statutory interpretation. E.g., Sutowski v. Eli Lilly Co.
(1998), 82 Ohio St.3d 347, 354, 696 N.E.2d 187; Muczyk v. ClevelandState Univ. (1996), 111 Ohio App.3d 167, 675 N.E.2d 1283, appeal not allowed (1996), 77 Ohio St.3d 1481, 673 N.E.2d 142.
First, we must consider the language of the statutes at issue. Section 3731.01 (A) defines "hotel" as one of the following: a "sleeping accommodations" hotel that offers sleeping accommodations for a period of thirty days or less to transient guests; or a "temporary residence" hotel that does not limit the number of days a person may be a guest. The statute only limits the description of the temporary residence hotel to certain classes of people: (1) those relocating their residence; and (2) those on temporary work assignment.
Pursuant to the requirements of Ohio Admin. Code Section1301:7-5-08 (H), an applicant for a hotel license must specify whether the facility is a "sleeping accommodations" hotel under R.C. 3731.01 (A) (1) and/or a temporary residence hotel under R.C.3731.01 (A) (2). The applicant also must "provide documentation of a use group classification as approved and issued by the building official having jurisdiction in accordance with the rules adopted by the board of building standards * * *." Ohio Admin. Code1301:7-5-08 (H) (2). An applicant for a temporary residence facility license must also "provide documentation of a use group classification approved and issued by the building official having jurisdiction that permits the R-1/R-2 mixed use by such facilities." Ohio Admin. Code 1301:7-5-08 (H) (2) (b). As such, a hotel specifically constructed to provide a temporary residence must pass scrutiny at the local level and comply with the rules adopted by the Board of Building Standards — regardless of the number of days a "relocating" or "temporary assignment" guest may stay — before a license may issue.
Like the statute, the ordinances at issue here also are clear and unequivocal. First, a person who occupies a hotel thirty or more days is not a "transient guest" and does not fall within the "sleeping accommodations" hotel definition of R.C. 3731.01 (A) (1). Second, a person who is not a transient guest may not occupy a hotel for thirty or more days unless the hotel is constructed incompliance with the building code — something required by Ohio Admin. Code 1301:7-5-03 (H) (2) (b). As a result, the failure to comply with the building code will preclude a non-transient guest from occupying the hotel for thirty or more days.
Contrary to Asish's premise, the ordinances do not prohibit a "relocating" or "temporary work" guest from occupying, for thirty or more days, a facility which is "specifically constructed" and licensed to provide a temporary residence under R.C. 3731.01 (A) (2). Therefore, because these ordinances do not prohibit what is otherwise allowed by R.C. 3731.01 (A) (2), they do not conflict with the general state law to the extent and in the manner challenged. Based upon the foregoing, the judge properly denied summary judgment.
The order, however, also provided that "ordinances 97-1 92-2 [were] constitutional pursuant to Article 18 section 13 [sic, section 3] of the Ohio Constitution because they bore a reasonable relationship to the health, safety, and welfare and [were] not arbitrary or capricious." The "reasonable relationship" standard of constitutional review does not apply in the instant case; rather, the "conflict" standard enunciated in Fondessy, 23 Ohio St. 3d at paragraph two of the syllabus, and Ohio Assn,65 Ohio St. 3d at 245, applies to the constitutional challenge asserted here. We therefore affirm the order denying summary judgment and modify that portion of the order addressing the constitutionality of the ordinances to provide as follows: "The City of Fairview Park Ordinances 97-1 and 97-2 are constitutional under Section 3, Article XVIII of the Ohio Constitution because they do not conflict with Chapter 3731 of the Ohio Revised Code to the extent and in the manner challenged by plaintiffs."
Judgment affirmed as modified.
It is ordered that the appellees recover from appellant their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., AND LEO N. SPELLACY, J, CONCURRINGIN JUDGMENT ONLY.