This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Carol Marik, appeals from the judgment of the Summit County Court of Common Pleas that granted the motion to modify the permanent injunction of Appellees, KB Compost Services, Inc. and KF Farms LLC. We reverse.
{¶ 2} This appeal stems from a complaint filed on February 18, 1998. Specifically, Appellant filed a complaint against Appellees seeking a preliminary and permanent injunction to enjoin Appellees from continuing their composting and landfill operations on the property at issue. The trial court referred the matter to a magistrate. The magistrate entered a proposed decision in favor of Appellant and issued a permanent injunction. Thereafter, the trial court adopted the magistrate's proposed decision, thereby enjoining Appellees' operations on the property. Appellees appealed that decision to this court and, on January 26, 2000, this court affirmed the lower court's decision. Marik v. KBCompost Services, Inc. (Jan. 26, 2000), 9th Dist. No. 19393, at 11.
{¶ 3} Appellees subsequently moved to modify the permanent injunction under Civ.R. 60(B)(4). Again, a magistrate initially reviewed the matter. The magistrate's proposed decision granted Appellees' motion to modify the permanent injunction. The trial court adopted the magistrate's proposed decision, granted Appellees' motion to modify, and vacated and set aside the permanent injunction. Appellant timely appeals and raises one assignment of error for review.
 ASSIGNMENT OF ERROR
{¶ 4} "The trial court erred in granting [Appellees'] motion to modify [the] permanent injunction."
{¶ 5} In her sole assignment of error, Appellant avers that the trial court erroneously granted Appellees' motion to modify the permanent injunction. We agree.
{¶ 6} A trial court has the discretion to order a permanent injunction only when an adequate remedy at law fails to exists. SeePerkins v. Quaker City (1956), 165 Ohio St. 120, syllabus; Garono v.State (1988), 37 Ohio St.3d 171, 173. Further, the trial court has the inherent power to modify or vacate a permanent injunction at any time if the party enjoined demonstrates that the conditions upon which the injunction was issued have materially changed. State ex rel. Bosch v.Denny's Place (1954), 98 Ohio App. 351, 357; Johnson v. Preston, Dir. ofHwys. (1967), 12 Ohio St.2d 100, 104; Newark v. Prince (Mar. 12, 1985), 5th Dist. No. CA-3084; Del Layne, Inc. v. Davis (May 19, 1983), 2nd Dist. No. 82-CA-34. See, also, In re Skrha (1994), 98 Ohio App.3d 487,497. The trial court must be given wide discretion in determining whether to modify or vacate a permanent injunction. System Federation No. 91Railway Employees' Dept., AFL-CIO v. Wright (1961), 364 U.S. 642, 648,5 L.Ed.2d 349. Accordingly, an appellate court will not reverse a trial court's decision regarding a modification or vacation of a permanent injunction absent an abuse of discretion. See id. An abuse of discretion suggests more than an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
{¶ 7} In this case, Appellees moved to modify the permanent injunction, and argued that the Richfield Township regulations entirely proscribe its operation of a construction and demolition facility contrary to state law, as it has since been licensed in accordance with R.C. Chapter 3714 to engage in such operation. As such, Appellees implicitly argued that the Richfield Township regulations are inconsistent with state statutory law. The basis of Appellees' motion rested on the judgment rendered by the Ohio Supreme Court in Sheffield v. Rowland
(1999), 87 Ohio St.3d 9.[1] In Sheffield, the Ohio Supreme Court was asked to determine whether various codified ordinances of Sheffield conflicted with R.C. Chapter 3714. Id. at 10. The Court found that Sheffield ordinances completely prohibited a construction and demolition facility and, thus, the ordinances prohibited what the statute permitted. Id. at 12. Accordingly, the Court found that a conflict existed as between the ordinances and R.C. Chapter 3714, and held that R.C. 3714 preempted Sheffield ordinances, thereby invalidating these ordinances.Id. at 13. See, also, Fairview Park v. Barefoot Grass Lawn Serv., Inc.
(1996), 115 Ohio App.3d 306, 310 (concluding that ordinance that conflicts with state statute is invalid).
{¶ 8} The trial court agreed with Appellees' motion, and vacated the permanent injunction pursuant to the holding in Sheffield. Specifically, the trial court found that the regulations conflicted with R.C. Chapter 3714, and noted that it "[was] not issuing a judgment determining the validity of the [r]egulations." However, a determination concluding that a regulation and a state statute conflict does invalidate the regulation. Sheffield, 87 Ohio St.3d at 13; Fairview Park,115 Ohio App.3d at 310; Northeast Ohio Regional Sewer Dist. v. Brooklyn (1989),64 Ohio App.3d 57, 61; Ridgley, Inc. v. Board of Zoning Appeals (Dec. 26, 1985), 9th Dist. No. 1424, at 6 (Baird, J., dissenting); Columbus v.Patterson (Dec. 9, 1982), 10th Dist. No. 82AP-47.
{¶ 9} The validity of a zoning regulation can be attacked in two ways: (1) an appeal from an administrative zoning decision, pursuant to R.C. Chapter 2506; and (2) a declaratory judgment, pursuant to R.C. Chapter 2721. Karches v. Cincinnati (1988), 38 Ohio St.3d 12, paragraph one of the syllabus; Joseph Airport Toyota, Inc. v. Vandalia, 2nd Dist. No. 18904, 2002-Ohio-928. As the trial court was not presented with either an appeal from an administrative zoning decision or a declaratory judgment, it was not in a position to determine the validity of the Richfield Township regulations. Although the trial court included a sentence in its judgment entry indicating that it was not determining the validity of the regulations, that sentence is inconsequential, as the court's determination that the regulations and R.C. Chapter 3714 are in conflict reflexively invalidates the regulations. See Sheffield,87 Ohio St.3d at 13; Fairview Park, 115 Ohio App.3d at 310; Northeast OhioRegional Sewer Dist., 64 Ohio App.3d at 61; Ridgley, Inc., supra, at 6 (Baird, J., dissenting); Columbus, supra. Consequently, we find that the trial court abused its discretion by relying on Sheffield to support its decision to grant Appellees' motion to modify the permanent injunction because the court was not in a position to determine whether a conflict exists, as such a decision would determine the validity of the regulations. Appellant's sole assignment of error is sustained.
{¶ 10} Appellant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
LYNN C. SLABY and WHITMORE, J. CONCURS.
[1] This case arose when Sheffield filed a declaratory judgment action against Browning-Ferris Industries of Ohio, Inc ("BFI") in the trial court. Sheffield v. Browning-Ferris Indus. of Ohio, Inc. (June 30, 1998), 9th Dist. No. 97CA006847, at 2. Sheffield sought a declaration from the trial court that BFI's construction and demolition debris disposal facility violated Sheffield's ordinances, and also sought to enjoin BFI from operating such facility. Id. Thereafter, both parties moved for summary judgment, and the trial court denied Sheffield's motion and granted BFI's motion. Id. Sheffield appealed to this court, and the decision of the trial court was affirmed. Id. at 7. Sheffield then appealed to the Supreme Court of Ohio.