[Cite as *S. Euclid v. Fortson*, 2020-Ohio-187.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF SOUTH EUCLID,             :

    Plaintiff-Appellant,          :

                      No. 108268

v.                                :

DEQUAN FORTSON,                   :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2020

---

Criminal Appeal from the South Euclid Municipal Court
Case Nos. CRB1800196 and TRD1800721

---

### *Appearances:*

Michael Loggrasso, South Euclid Law Director, and Brian M. Fallon, Assistant Prosecutor, *for appellant*.

Eric J. Cherry, *for appellee*.

LARRY A. JONES, SR., J.:

{¶ 1} In this appeal, plaintiff-appellant city of South Euclid ("South Euclid") challenges the January 3, 2019 judgment of the South Euclid Municipal Court granting the motion to dismiss of defendant-appellee Dequan Fortson ("Fortson"). For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} On March 22, 2018, the South Euclid police effectuated a traffic stop on Fortson. The parties stipulated that the sole basis of the stop was the officer's observation that Fortson was not wearing his seat belt. As a result of the stop, Fortson was arrested and charged for a violation of a temporary protection order, a noncompliance suspension, a license forfeiture suspension, and a seat belt infraction in violation of South Euclid Codified Ordinances 337.27(b)(1).

{¶ 3} Fortson filed a motion to suppress. A hearing was held on the motion, which was converted to a motion to dismiss. Fortson contended that the city's seat belt ordinance was an improper use of municipal police power; therefore, the stop was improper and the evidence gathered as a result of the stop was "fruit of the poisonous tree."[1] After the hearing, the trial court granted Fortson's motion to dismiss. The city now appeals and sets forth the following assignment of error for our review:

{¶ 4} The South Euclid Seat Belt Ordinance 337.27(d) is a proper exercise of home rule police power that allows a police officer to stop a motorist and issue a citation based solely on the officer's observation and no underlying offense need be observed or cited.

---

[1]The "fruit of the poisonous tree" is a judicially created exclusionary rule that provides a remedy to exclude evidence from the government's case when it has been obtained by the police through an illegal search or seizure in violation of the Fourth Amendment to the United States Constitution. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

**Law and Analysis**

{¶ 5}   In 1986, the Ohio legislature enacted a law making it mandatory that any person operating a motor vehicle on any street or highway in the state wear a seatbelt.  *See* R.C. 4513.263(B).  However, the law does not allow the police to stop a vehicle for the sole purpose of determining, and/or issuing a citation for, a seat belt infraction.  The statute reads in pertinent part as follows:

> Notwithstanding any provision of law to the contrary, no law enforcement officer shall cause an operator of an automobile being operated on any street or highway to stop the automobile for the sole purpose of determining whether a violation * * * of this section has been or is being committed or for the sole purpose of issuing a ticket, citation, or summons for a violation of that nature or causing the arrest of or commencing a prosecution of a person for a violation of that nature, and no law enforcement officer shall view the interior or visually inspect any automobile being operated on any street or highway for the sole purpose of determining whether a violation of that nature has been or is being committed.

R.C. 4513.263(D).

{¶ 6}   In 2012, the city of South Euclid enacted a seat belt law, South Euclid Codified Ordinances 337.27(d).  The city's ordinance provides as follows:

> Any law enforcement officer with reasonable suspicion may cause an operator of an automobile being operated on any street or highway to stop the automobile for the sole purpose of determining whether a violation of division (b) of this section has been or is being committed or for the sole purpose of issuing a ticket, citation, or summons for the violation or for causing the arrest of or commencing a prosecution of a person for the violation.  Any law enforcement officer may view the interior or visually inspect any automobile being operated on any street or highway for the sole purpose of determining whether the violation has been or is being committed.

{¶ 7} South Euclid contends that its ordinance was an exercise of police power pursuant to its authority to self-govern and, therefore, was permissible under the home-rule provision of the Ohio Constitution. The home-rule provision is found in Section 3 of Article XVIII of the Ohio Constitution and provides: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, *as are not in conflict with general laws*." (Emphasis added.)

{¶ 8} The Ohio Supreme Court has held that a law is a general law for home-rule analysis if it (1) is part of a statewide and comprehensive legislative enactment, (2) applies to all parts of the state alike and operates uniformly throughout the state, (3) sets forth police, sanitary, or similar regulations, rather than purport only to grant or limit legislative power of a municipal corporation to set forth police, sanitary, or similar regulations, and (4) prescribes a rule of conduct upon citizens generally. *Canton v. State*, 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963, ¶ 21. A state statute takes precedence over a local ordinance when (1) the ordinance is in conflict with the statute, (2) the ordinance is an exercise of the police power, rather than of local self-government, and (3) the statute is a general law. *Ohio Assn. of Private Detective Agencies, Inc. v. N. Olmsted*, 65 Ohio St.3d 242, 244-245, 602 N.E. 2d 1147 (1992).

{¶ 9} Upon review, Ohio's seat belt law is a general law that takes precedence over South Euclid's ordinance. It is a statewide law, applies uniformly throughout the state, sets forth a police regulation, and prescribes conduct on Ohio

citizens. Further, Ohio and the city's laws are in conflict. We are not persuaded otherwise by the city's reliance on *Dublin v. State*, 188 Ohio Misc.2d 18, 2002-Ohio-2431, 769 N.E.2d 436 (M.C.), for the proposition that the power to enact police, sanitary, and other similar regulation falls under the auspices of local self-government.

{¶ 10} In *Dublin*, two Columbus-area suburban cities sued the state of Ohio seeking a declaration that statutes governing the use of public ways by public utilities were unconstitutional. The issue in *Dublin* related to the regulation of cable line installation along public roadways in the municipalities. The municipal regulation was concerned with providing municipal residents low-cost cable service and managing municipal roadways for the benefit of the municipalities' residents.

{¶ 11} The cities contended that R.C. Chapter 4939, which governs public utilities, was unconstitutional because, among other things, it deprived municipalities of their home rule powers under the Ohio Constitution, and it did not operate uniformly across the state as required under the Ohio Constitution. The *Dublin* court found that R.C. Chapter 4939 did not violate the uniformity clause under the Ohio Constitution, but did find that it violated the Ohio Constitution's home-rule provision. In regard to home rule, the *Dublin* court stated:

> In summary, generally, a municipality's power of self-government (narrowly construed) includes the power to control the use of its municipally-owned public ways by utility service providers and cable operators when their use involves installing and operating their equipment and facilities. So long as the statewide-concern doctrine does not require otherwise, municipal regulation of such uses of the public ways prevails over state law. *However, when regulation of a*

*subject matter affects the general public of the state more than the local inhabitants, then municipal regulation, whether pursuant to the powers of local self-government (narrowly construed) or pursuant to the power to enact local police, sanitary, and similar regulations, must not be inconsistent with the state's police regulations.*

(Emphasis added.) *Id.* at ¶ 192.

{¶ 12} In determining whether a law is of statewide concern, the *Dublin* court adopted the test set forth in *Private Detective Agencies*, 65 Ohio St.3d 242, 602 N.E.2d 1147. In *Private Detective Agencies*, the court held that "[o]nce a matter has become of such general interest that it is necessary to make it subject to statewide control so as to require uniform statewide regulation, the municipality can no longer legislate in the field so as to conflict with the state." *Id.* at 244. The *Dublin* court found that

> the power to regulate the use of municipal public ways by utility service providers and cable operators is included in the powers of local self-government other than the power to enact and enforce police, sanitary, and similar regulations granted to municipalities by the Home Rule Amendment to the Ohio Constitution.

*Id.* at ¶ 123.

{¶ 13} The law at issue in *Dublin* is distinguishable from the law at issue in this case. The use of seat belts is a matter of general, statewide concern; it is not limited to the residents of South Euclid. In fact, the city's ordinance would apply to any motorist driving through the city, regardless of whether they were a resident of South Euclid.

{¶ 14} R.C. 4513.263 satisfies the four-part test for a general law set forth in *Canton*, 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963 at ¶ 21. It is part of a

statewide, comprehensive enactment to ensure safety on Ohio's roadways. It applies uniformly to all parts of the state, and it sets forth a police power not solely intended to limit municipal legislative power. Finally, it prescribes a general rule for motorists statewide: wear your seat belts. It therefore is a general law, and it preempts local ordinances that conflict with its provisions; South Euclid's ordinance is in conflict, therefore, state law prevails.

{¶ 15} In light of the above, the city of South Euclid's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR